## PEOPLE v. PICKETT

1. CRIMINAL LAW—FELONY—ATTEMPT.

An accused may be found guilty of an attempt to commit a felony even where there is sufficient evidence to sustain conviction of the completed offense (CL 1948, § 750.92).

2. CRIMINAL LAW—ATTEMPT—COMPLETED OFFENSE.

Any miscarriage of justice arising when a criminal defendant is convicted of an attempt to commit a felony despite evidence sufficient to support a conviction of the completed act is beneficial to the defendant and only the people, to whom it is detrimental, may complain (CL 1948, § 750.92).

3. CRIMINAL LAW — WEAPONS — CARRYING CONCEALED — ATTEMPT — PLEA OF GUILTY — MISCARRIAGE OF JUSTICE.

Conviction, on a plea of guilty, of an attempt to carry a concealed weapon without a license is proper where the evidence would have sustained a conviction of the completed offense, and any miscarriage of justice is beneficial to the defendant who may not complain (CL 1948, §§ 750.92, 750.227).

Appeal from Recorder's Court of Detroit, Samuel H. Olsen, J. Submitted Division 1 January 14, 1970, at Detroit. (Docket No. 7,718.) Decided January 29, 1970.

Alonzo Pickett was convicted, on his plea of guilty, of attempting to carry a concealed weapon on his person. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 21 Am Jur 2d, Criminal Law § 110 et seq.
[3] 56 Am Jur, Weapons and Firearms § 9 et seq.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Owen J. Galligan,* Assistant Prosecuting Attorney, for the people.

*George W. Schudlich,* for defendant.

Before: Danhof, P. J., and Fitzgerald and McGregor, JJ.

Per Curiam. Defendant was charged with carrying a concealed weapon (pistol) upon his person without a license. CL 1948, § 750.227 (Stat Ann 1962 Rev § 28.424), conviction of which is punishable by imprisonment for up to five years or by fine. At his arraignment defendant stood mute. Later while represented by counsel defendant pleaded guilty to the crime of an attempt to carry a concealed weapon on his person, CL 1948, § 750.92 (Stat Ann 1962 Rev § 28.287). The trial court met the requirements for acceptance of a guilty plea, and defendant's own testimony showed consummation of the crime. Defendant was sentenced to a term of 2 to 2-1/2 years in prison.

On appeal the only issue is whether defendant was convicted of any offense known to the law. Stated another way, can a crime consist solely of *attempting* to carry a concealed weapon upon one's person without a license? This issue was not raised by defendant in the trial court.

An essential element of the statutory crime of carrying a concealed weapon without a license is that the weapon was concealed. Thus, a conviction for *attempting* to carry a concealed weapon without a license presents a paradox. If the weapon was concealed and there was no license, the crime was

complete; and if it wasn't concealed, there was no crime.

Nevertheless, the statute setting forth the punishment for attempt to commit offenses prohibited by law, CL 1948, § 750.92 (Stat Ann 1962 Rev § 28-.287), resolves this paradox adversely to the defendant herein.

Additionally, the Michigan Supreme Court has held that the fact that the evidence establishes the consummation of a crime does not prevent a valid conviction for an attempt to commit that crime. *People* v. *Bradovich* (1943), 305 Mich 329. We find the following language from *People* v. *Baxter* (1928), 245 Mich 229, 232, quoted in the *Bradovich* case, *supra,* pp 331, 332, pertinent to the instant case:

" 'If an information admits of conviction of an attempt to commit a felony, an accused may be found guilty of the attempt, though the evidence shows a completed offense. (Citations omitted.) Such a verdict may be illogical, but the people cannot complain, and the defendant must accept it, even though less in measure than his just deserts; at least he cannot be heard to say that he has suffered injury.' "

In *People* v. *Collins* (1968), 380 Mich 131, defendants pleaded guilty to an amended information charging second-degree murder. On appeal they claimed they should have been charged with first-degree murder. The conviction was affirmed on the basis that error (if any) in the formal charge was procedural only and was waived by entry of a plea thereto. The opinion concluded,

"If there is any miscarriage of justice, under these circumstances it can only be one in which the people of the State of Michigan have exacted an insufficient penalty. Putting it another way, if there has been,

under these circumstances, a miscarriage of justice, it is a miscarriage which ran to the benefit of the defendants and to the detriment of the people. Of such a miscarriage of justice, only the people can complain."

Similarly, we find no miscarriage of justice of which the defendant can complain.

Affirmed.