WOLVERINE GOLF CLUB *v.* SECRETARY OF STATE

1. MANDAMUS—EQUITY.
    Mandamus proceedings are governed by equitable principles and the grant or denial of a petition for mandamus is, as in equity, determinable according to germane conditions existing at the time of hearing and determination rather than at the time of institution of the proceedings and the Michigan Court of Appeals properly issued a show cause order pursuant to a complaint for mandamus seeking to compel the Secretary of State to accept initiatory petitions.

2. MANDAMUS—INITIATORY PETITIONS—SUBMISSION—SECRETARY OF STATE.
    The Michigan Court of Appeals properly ordered the Secretary of State to forthwith accept initiatory petitions presented by plaintiffs for canvass and immediate submission to the 1970 session of the legislature, although the order was issued after the legislative session had commenced.

3. STATUTES—INITIATIVE PETITIONS—CONSTITUTIONAL LAW.
    Statute requiring initiative petitions to be filed not less than ten days before the start of a legislative session is not an implementation of the 1963 constitutional provision on initiative petitioned legislation as the stricture of that constitutional provision is a directive to the legislature to formulate the process by which initiative petitioned legislation shall reach the legislature or the electorate and this constitutional procedure is self-executing (Const 1963, art 2, § 9; MCLA § 168.472).

REFERENCES FOR POINTS IN HEADNOTES
[1] 52 Am Jur 2d, Mandamus §§ 4, 32, 63, 67.
[2] 42 Am Jur 2d, Initiative and Referendum §§ 50, 52.
[3, 5] 42 Am Jur 2d, Initiative and Referendum §§ 33, 34.
[4] 16 Am Jur 2d, Constitutional Law §§ 3, 49, 93–98.

(461)

4. CONSTITUTIONAL LAW—SELF-EXECUTING PROVISION—LEGISLATION
   —LIMITATION.

   The legislature may not act to impose additional obligations on
   a self-executing constitutional provision so as to curtail or
   place undue burdens on a right guaranteed by the provision.

5. STATUTES—INITIATIVE PETITIONS—CONSTITUTIONAL LAW.

   Statutory requirement that initiative petitions be filed not
   less than ten days before the start of a legislative session
   restricts the utilization of the initiative petition and lacks
   any current reason for doing so; thus, petitioners were en-
   titled to file their initiative petitions without regard to the
   ten days before session requirement, and since the Board
   of State Canvassers has notified the Secretary of the Senate
   and the Clerk of the House of Representatives of the suffi-
   ciency of such petitions, petitioners are entitled to have
   the matter submitted to the legislature now in session (MCLA
   § 168.472).

Appeal from Court of Appeals, Division 2, Lesin-
ski, C. J., and Levin and O'Hara, JJ., granting writ
of mandamus against the Secretary of State. Sub-
mitted September 14, 1970. (No. 17, June Term
1970, Docket No. 52,956.) Decided April 5, 1971.

24 Mich App 711 affirmed.

Complaint in Court of Appeals by the Wolverine
Golf Club and Joseph G. Comeau against James
M. Hare, Secretary of State, to compel acceptance
of an initiative petition for canvass and immediate
submission to the legislature. Writ granted. De-
fendant appeals. Affirmed.

*Craig, Fieger & Golden,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Charles D.*

*Hackney* and *Stewart H. Freeman,* Assistant Attorneys General, for defendant.

*Amicus Curiae:* Citizens for Standard Time (by *Tom Downs*).

T. G. KAVANAGH, J. This suit for mandamus was instituted under the following circumstances.

In 1966 the Congress of the United States enacted the Uniform Time Act, 15 USCA §§ 260–267 which required "Daylight Savings Time" to be kept in all time zones from the last Sunday in April until the last Sunday in October. Pursuant to a provision of the Uniform Time Act, the Michigan legislature exempted this state from the act thus keeping Michigan on Standard Time. MCLA § 435-.211, *et seq.* (Stat Ann 1970 Cum Supp § 18.872[1], *et seq.*).

The effect of MCLA § 435.211, *et seq., supra* was suspended by the filing of referendum petitions (See *Michigan Farm Bureau* v. *Secretary of State* [1967], 379 Mich 387) and Michigan went on Daylight Savings during most of the summer of 1967 and all of the summer of 1968. The referendum at the general election on November 5, 1968 resulted in the approval of MCLA § 435.211, *et seq., supra,* however and Michigan was thus exempted from the Uniform Time Act.

On February 12, 1970 the plaintiffs inquired of the defendant whether initiative petitions would be accepted and filed with the 1970 session of the legislature and submitted to the electorate at the November 1970 general election if the legislature did not enact the law proposed.

The defendant replied on February 16, 1970 that MCLA § 168.472 (Stat Ann 1956 Rev § 6.1472) required the filing of the petitions not less than ten

days before the start of the legislative session and since the 1970 legislative session had already commenced the petitions could not be submitted to the 1970 session of the legislature or to the electorate at the November, 1970 general election.

On February 20, 1970 the plaintiffs filed a complaint for mandamus seeking to compel the defendant to accept petitions. It does not appear from the record that plaintiffs had or tendered any petitions to the defendant at or prior to this time. Plaintiffs' brief argues that to tender any petitions would have been fruitless in light of the defendant's stated intention to reject them.

Under this circumstance it might be argued that a suit for a declaratory judgment would have been a more appropriate form of action than a suit for mandamus. However, "Mandamus proceedings * * * are governed by equitable principles * * * Since the grant or denial of a petition for mandamus is, as in equity * * * determinable according to germane conditions existing at the time of hearing and determination rather than at the time of institution of the proceeding * * * * " (*Franchise Realty Interstate Corporation* v. *Detroit* [1962], 368 Mich 276, 279, 280) the Court of Appeals properly issued a show cause order pursuant to such complaint.

On June 15, 1970 argument was had thereon and the Court of Appeals granted plaintiffs' oral motion to amend their complaint to add the allegation that they had a sufficient number of signatures on petitions for *prima facie* compliance with the requirements Const 1963, art 2, § 9. The Court then took "judicial notice" of the fact that plaintiffs filed petitions allegedly bearing 206,000 signatures with the defendant on June 17, 1970.

Under date of June 25, 1970 the Court of Appeals ordered the defendant to "forthwith accept the initiatory petitions presented by the plaintiffs for canvass and immediate submission to the present session of the Legislature".

On November 21, 1970 (after the general election of November 3, 1970) the State Board of Canvassers found the petitions to be in compliance with law other than the challenged provision (PA 1954, No 116, § 472) and the defendant petitioned us for instructions.

Our order of January 12, 1971 pointed out that our order of August 17, 1970 maintaining "the mandatory order of the Court of Appeals be continued pending determination of the issues by this Court" meant notifying the Secretary of the Senate and the Clerk of the House of Representatives of the finding of sufficiency of the petitions.

Such notice was given January 13, 1971 to the "present session of the legislature" which started on that date.

We hold the Court of Appeals was not in error.

The fundamental issue here involved is: "Is the provision of (MCLA § 168.472 [Stat Ann 1956 Rev § 6.1472]) requiring initiative petitions to be filed not less than 10 days before the start of a legislative session a constitutionally permissible implementation of Const 1963, art 2, § 9?"

The history of the initiative and referendum provision of the Constitution of 1908 and the statutory enactments pursuant thereto are carefully detailed in the opinions of Judges LESINSKI and LEVIN in the Court of Appeals decision in this case, *supra*. Likewise are the debates and committee reports of the Constitutional Convention which drafted the Constitution of 1963.

It would serve no good purpose to repeat them here.

For neither the historical analysis or present examination affords any basis for according validity to the statute. The historical analysis leads inevitably to the conclusion that the statute reiterated the provisions of Const 1908, art 5, § 1 and hence drew its viability from it. There is no specific authority for such statute in Const 1963. On the contrary it was eliminated.

We do not regard this statute as an implementation of the provision of Const 1963, art 2, § 9. We read the stricture of that section, "the legislature shall implement the provisions of this section," as a directive to the legislature to formulate the process by which initiative petitioned legislation shall reach the legislature or the electorate. This constitutional procedure is self-executing.

As pointed out by Judge LESINSKI in the opinion below (1970), 24 Mich App 711, 725:

"It is settled law that the legislature may not act to impose additional obligations on a self-executing constitutional provision. *Soutar* v. *St. Clair County Election Commission* (1952), 334 Mich 258; *Hamilton* v. *Secretary of State* (1924), 227 Mich 111, 125:
" ' "The only limitation, unless otherwise expressly indicated, on legislation supplementary to self-executing constitutional provisions is that the right guaranteed shall not be curtailed or any undue burdens placed thereon." ' "

Whether we view the ten-day-filing requirement in an historical context or as a question of constitutional conflict, the conclusion is the same—the requirement restricts the utilization of the initiative petition and lacks any current reason for so doing.

We hold that the petitioners were entitled to file their initiative petitions without regard to the ten-

day-before-session requirement, and since the Board of State Canvassers has notified the Secretary of the Senate and the Clerk of the House of Representatives of the sufficiency of such petitions, petitioners are entitled to have the matter submitted to the legislature now in session.

Affirmed.

No costs, a public question being involved.

T. M. Kavanagh, C. J., Adams and T. E. Brennan, JJ., concurred with T. G. Kavanagh, J.

Black, J., concurred in the result.

Swainson and Williams, JJ., did not sit in this case.