### ANCHOR BAY CONCERNED CITIZENS v ANCHOR BAY BOARD OF EDUCATION

1. APPEAL AND ERROR—ATTORNEY GENERAL—INTERVENTION—FAILURE TO FILE BRIEF—COURT RULES.

   The rights of the Attorney General, once he has intervened in a case, are no greater than those of any other party to the lawsuit, and the failure to file a brief within the time prescribed by court rule is a waiver of his right to participate in the appeal (GCR 1963, 815.1[1]).

2. SCHOOLS AND SCHOOL DISTRICTS—RECALL PETITIONS—VALIDITY—RE-ELECTION.

   Recall petitions which were circulated and filed prior to a board of education member's re-election to a succeeding term of office are void by virtue of the re-election.

3. SCHOOLS AND SCHOOL DISTRICTS—RECALL PETITIONS—STATUTES—CONSTITUTIONAL LAW.

   A statute providing for recall of elected officials which requires signature on petitions in a fractional school district equal in number to 25 per cent of the number of qualified electors assessed for school taxes does not comply with the constitutional formula which requires 25 per cent of the number of persons voting in the last preceding election for the office of governor in the district involved (Const 1963, art II, § 8; MCLA 168.956).

4. OFFICERS—RECALL PETITIONS—STATUTES—CONSTITUTIONAL LAW.

   A statute which does not comply with the constitutional formula for ascertaining the necessary number of signatures on a recall petition is unconstitutional because the Legislature cannot adopt a statutory standard which conflicts with a constitutional standard (Const 1963, art II, § 8; MCLA 168.956).

Appeal from Macomb, Hunter D. Stair, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Attorney General § 16.

[2–4] 63 Am Jur 2d, Public Officers and Employees § 238 et seq.

mitted Division 2 June 26, 1974, at Detroit. (Docket No. 17800.) Decided September 11, 1974. Leave to appeal applied for.

Complaint for mandamus by Anchor Bay Concerned Citizens against the Anchor Bay Board of Education and its individual officers to compel defendants to call an election. The Attorney General intervened as a party defendant. Summary judgment for defendants. Plaintiffs appeal. Reversed and remanded.

*Jack C. Chilingirian,* for plaintiffs.

*Daner, Freeman, McKenzie & Matthews, P. C.* (by *Kenneth E. Sherer),* for defendants.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Charles D. Hackney,* Assistant Attorney General, for intervenor State of Michigan.

Before: Bashara, P. J., and Danhof and Churchill,* JJ.

Bashara, P. J. This case arises out of plaintiffs' efforts to recall four members of the Anchor Bay Board of Education. When plaintiffs filed the recall petitions with defendant board in January, 1973, requesting that a recall election be held, they were advised by the board that the petitions did not contain the number of signatures required by statute. Defendants contended that since Anchor Bay was a fractional school district,[1] MCLA 168.956; MSA 6.1956 was the applicable statute:

*"The petitions shall be signed* by registered and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] A fractional school district is a district whose boundaries do not coincide with the boundaries of the municipalities within its borders.

qualified electors of the village equal in number to 25% of the votes cast for all candidates for village president at the last election, and *in case of officials of fractional school districts, by 25% of the number of qualified electors assessed for school taxes."* (Emphasis added.)

Relying on this statute, defendants claimed that 1,040 signatures were required. Plaintiffs argued that MCLA 168.956; MSA 6.1956 violates art II, § 8 of the Michigan Constitution and that, therefore, MCLA 168.955; 6.1955 must apply:

"The petitions shall be signed by registered and qualified electors *equal to at least 25% of the number of votes cast for candidates for the office of governor at the last preceding general election* in the electoral district of the official sought to be recalled. Any signatures obtained more than 90 days before the filing of such petition shall not be counted." (Emphasis added.)

Plaintiffs claimed that under this statute their 900 signatures were sufficient.

Unable to resolve the dispute, plaintiffs commenced this action seeking a writ of mandamus to compel defendants to call an election. Defendants responded with a motion for summary judgment alleging the constitutionality and applicability of MCLA 168.956; MSA 6.1956. The trial court granted this motion[2] and plaintiffs appeal.

The Attorney General intervened on August 20, 1973, but he has not yet filed a brief. Once the Attorney General has intervened his rights are no greater than those of any other party to the lawsuit. *Gremore v Peoples Community Hospital Authority, Appeal of Attorney General, Intervenor,* 8 Mich App 56; 153 NW2d 377 (1967). GCR 1963, 815.1(1) requires that briefs be filed "within 60

---

[2] Defendants made a second motion for summary judgment alleging that laches barred plaintiffs' action. The trial court is awaiting the outcome of this appeal before ruling on that motion.

days after the filing of the claim of appeal, or 60 days after filing in court of the stenographer's transcript, whichever date shall be later". Moreover, an issue on appeal is abandoned if the party does not brief that issue. *Mitcham v Detroit,* 355 Mich 182; 94 NW2d 388 (1959). Therefore, the Attorney General's failure to file a brief in this case is a waiver of his right to participate in this appeal. We, therefore, hold that the Attorney General of the State of Michigan is no longer a party in this action.

Next, it was conceded by all parties at oral argument that two of the defendants were re-elected to the Anchor Bay Board of Education subsequent to the filing of the recall petitions. We find that the recall petitions are void as to these two board members, since re-election voids recall petitions which were circulated and filed prior to re-election to a succeeding term. To seek the recall of these two board members, new petitions will have to be filed.

We now come to the primary question raised in this appeal: Does MCLA 168.956; MSA 6.1956, *supra,* violate art II, § 8 of the Michigan Constitution? That article provides:

"Laws shall be enacted to provide for the recall of all elective officers except judges of courts of record upon petition of electors *equal in number to 25 percent of the number of persons voting in the last preceding election for the office of governor* in the electoral district of the officer sought to be recalled. The sufficiency of any statement of reasons or grounds procedurally required shall be a political rather than a judicial question." (Emphasis added.)

Thus, the constitutional formula for ascertaining the number of signatures needed on recall petitions is based on the number of votes cast for

governor "at the last preceding general election". MCLA 168.955; MSA 6.1955, *supra,* complies with this formula; MCLA 168.956; MSA 6.1956, *supra,* which is based on "the number of qualified electors assessed for school taxes" does not comply. The Legislature cannot adopt a statutory standard which conflicts with a constitutional standard. *Hamilton v Secretary of State,* 227 Mich 111; 198 NW 843 (1924); *Wolverine Golf Club v Secretary of State,* 384 Mich 461; 185 NW2d 392 (1971). We reject defendants' argument that the words "equal in number to", which were inserted in art II, § 8 of the 1963 constitution as an amendment to the 1908 version of the same section,[3] are sufficient to validate MCLA 168.956; MSA 6.1956, even though this was the admitted purpose of the amendment.[4] Therefore, we hold that MCLA 168.956; MSA 6.1956 is unconstitutional.

We reverse and remand this case to the trial court for further proceedings consistent with our decision. Costs to appellants.

---

[3] Const 1908, art III, § 8 provided:

"Laws shall be passed to preserve the purity of elections and guard against abuses of the elective franchise, and to provide for the recall of all elective officers, except judges of courts of record and courts of like jurisdiction upon petition of 25 per centum of the number of electors who voted at the preceding election for the office of governor in their respective electoral districts."

[4] The delegates to the 1961 Constitutional Convention tentatively adopted an amendment inserting *"comparable* in number to" (emphasis added) into art II, § 8. These words were inserted expressly for the purpose of validating MCLA 168.956; MSA 6.1956, which had been previously enacted by the Legislature. However, prior to final passage of this article "comparable" was changed to "equal". There is no explanation in the convention record of why this change was made. But one fact is clear—"comparable" and "equal" are not synonymous. And, while "comparable in number to" might have validated MCLA 168.956; MSA 6.1956, "equal in number to" does not. *See* 2 Official Record, Constitutional Convention 1961, pp 2263, 2266–2267, 3077–3087.