PEOPLE v HOOPER

1. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAIN—MISCARRIAGE OF
JUSTICE.

One who makes a plea bargain for his own benefit should not be
released from that bargain merely because the crime to which
he pled guilty is allegedly nonexistent and there is no miscar-
riage of justice where he is held to his bargain (MCLA 769.26).

2. CRIMINAL LAW—ATTEMPTS—UTTERING AND PUBLISHING.

A defendant who obtained a check which he knew was no good,
took it to a store and presented it with identification in an
effort to cash it, but was apprehended by police before the
check was cashed, committed the crime of attempted uttering
and publishing.

Appeal from Wayne, Thomas J. Foley, J. Sub-
mitted Division 1 January 7, 1975, at Detroit.
(Docket No. 19049.) Decided January 28, 1975.

Stanley J. Hooper was convicted, on his plea of
guilty, of attempted uttering and publishing. De-
fendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, *Patricia J. Boyle,*
Principal Attorney, Research, Training and Ap-
peals, and *Frederick R. Doetsch, Jr.,* Assistant
Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.

Enforceability of plea agreement or plea entered pursuant thereto,
with prosecuting attorney involving immunity from prosecution
for crimes. 43 ALR3d 281.

[2] 36 Am Jur 2d, Forgery §§ 44–46, 48.

*Francis Zebot,* Assistant State Appellate Defender, for defendant.

Before: QUINN, P. J., and BASHARA and R. M. MAHER, JJ.

QUINN, P. J. Defendant was originally charged with uttering and publishing contrary to MCLA 750.249; MSA 28.446. By agreement between defendant and the prosecuting attorney defendant pleaded guilty to the lesser-included offense of attempted uttering and publishing. He was sentenced and he appeals, asserting three alleged reversible errors, namely:

1. Denial of his request to withdraw his plea prior to its acceptance.

2. His plea was to an offense not proscribed by law.

3. The failure of the trial court to ascertain defendant's affirmative acknowledgment of the plea bargain.

If it were not for alleged error 2, *supra,* we would affirm this conviction by memorandum opinion because the record is contrary to allegations 1 and 3.

We write to the proposition that a bargained plea to an alleged non-existent or paradoxical offense must be vacated because there is no such offense for two reasons.

First, the contention should be, and we hope is, consigned to oblivion. The idea that one who makes a bargain for his own benefit can be released from that bargain because what he bargained for is a non-existent crime is repugnant to any sense of justice, fairness and common sense. If the language, "shall affirmatively appear that the error complained of has resulted in a miscarriage of justice", of MCLA 769.26; MSA 28.1096 has any

meaning left, it surely applies to the contention now before us, and we so hold.

We recognize that *People v Collins,* 380 Mich 131; 156 NW2d 566 (1968), did not involve a bargained plea and is otherwise factually dissimilar to this case of Hooper. However, at page 135 of that opinion is found language which best expresses our reason for holding that defendant's contention is untenable:

"If there is any miscarriage of justice, under these circumstances it can only be one in which the people of the State of Michigan have exacted an insufficient penalty. Putting it another way, if there has been, under these circumstances, a miscarriage of justice, it is a miscarriage which ran to the benefit of the defendants and to the detriment of the people. Of such a miscarriage of justice, only the people can complain."

Secondly, the transcript of the plea taking discloses that defendant obtained a check from a friend which defendant knew was no good, that defendant took that check to Sears Roebuck, presented it with identification in an effort to cash it, and that the police grabbed him before the check was cashed. That constitutes attempted uttering and publishing.

Affirmed.