PEOPLE v MATULONIS

Opinion of the Court

1. Criminal Law—Plea of Guilty—Offense Not Charged.

A trial court does not have the authority to accept, over the objection of the prosecutor, a plea of guilty of an offense not charged or included in the information.

2. Judges—Circuit Court Judges—Supervisory Power—Prosecutors—Magistrates.

A circuit court judge does not enjoy supervisory power over a prosecuting attorney and may reverse or revise the decision of a prosecuting attorney or a magistrate only if it appears on the record that he has abused his power.

3. Criminal Law—Plea of Guilty—Plea Bargain—Rejection of Plea—Factors Considered—Prosecutors—Discretion.

A trial court can refuse to accept a prosecutor's recommendation of a plea bargain where it finds, taking into consideration such factors as the offense with which the defendant was charged, the surrounding factual circumstances, the lesser included offense of the plea bargain, and the opinion of other interested parties, that the prosecuting attorney has abused his prosecutorial discretion.

4. Criminal Law—Prosecutors—Charges Against Defendant—Discretion.

The prosecuting attorney, as the chief law enforcement officer in the county, decides the initial charge to be brought against a defendant and whether to bring an additional count, and his decision should stand unless his discretion is clearly abused.

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law § 484 et seq.
[2] 46 Am Jur 2d, Judges §§ 21–49.
[3, 5, 6] 21 Am Jur 2d, Criminal Law §§ 492–494.
Enforceability of plea agreement or plea entered pursuant thereto, with prosecuting attorney involving immunity from prosecution for crimes. 43 ALR3d 281.
[4] 21 Am Jur 2d, Criminal Law §§ 514, 516.
[7] 6 Am Jur 2d, Assault and Battery §§ 49, 50.

5. Criminal Law—Plea of Guilty—Prosecutors—Discretion—Rejection of Plea—Reasons for Decision.

    A trial court erroneously rejected a prosecutor's recommendation that a count of attempted felonious assault be added to an information charging a defendant with assault with intent to do great bodily harm less than murder, where such a recommendation was within the scope of the prosecutor's discretion, where the court failed to limit its rejection to the kind of extreme cases in which it is warranted, and failed to provide a statement of the reasons for its decision to reject the plea bargain struck by the parties.

Concurrence by Bronson, J.

6. Criminal Law—Plea of Guilty—Nonexistent Crime—Rejection of Plea—Reasons for Decision.

    *A trial judge cannot properly accept a plea of guilty to the charge of attempted felonious assault because there is no such crime; however, the refusal to accept such a plea was error where the trial judge gave no reason for his decision and the record indicates that his refusal was an unacceptable intrusion into the executive sphere of government.*

Dissent by R. B. Burns, P. J.

7. Assault and Battery—Criminal Law—Attempted Assault—Plea of Guilty—Nonexistent Crime.

    *A trial judge cannot accept a defendant's plea of guilty to a charge of attempted felonious assault because there is no such crime.*

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 January 14, 1975, at Detroit. (Docket No. 18550.) Decided April 7, 1975.

Stanley W. Matulonis was convicted of assault with intent to commit great bodily harm less than murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Patricia J. Boyle,* Prin-

cipal Attorney, Research, Training and Appeals, for the people.

*Francis Zebot,* Assistant State Appellate Defender, for defendant.

Before: R. B. BURNS, P. J., and BRONSON and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. Defendant-appellant was convicted of the offense of assault with intent to commit great bodily harm less than murder, MCLA 750.84; MSA 28.279, by a jury on June 21, 1973. He was sentenced to five to ten years in prison on July 12, 1973. On September 6, 1974, this Court, retaining jurisdiction, granted defendant's motion to remand for further proceedings to determine whether constitutionally infirm prior convictions were considered in aggravation of sentence. *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974). This appeal considers other contentions of error which allegedly occurred before and during the trial.

Prior to trial, the prosecutor asked the trial court to add a count of attempted felonious assault and recommended that the defendant's offer to plead guilty to that count be accepted. The prosecutor pointed out, however, that both the officer in charge of the case and the complaining witness opposed this plea proposal. After questioning the witness and the officer, the trial court declined to accept the plea and ordered the case brought to trial on the original charge, assault with intent to commit great bodily harm less than murder. At trial defendant was convicted of this offense.

The only meritorious issue raised in this appeal is whether the trial court erred in refusing to accept the prosecutor's recommendation and the

defendant's offer that he plead guilty to a lesser included offense.

The defendant argues that the trial court in this case exercised control over prosecutorial functions in violation of constitutional separation of powers. This has been the subject of several recent Michigan Supreme Court cases. *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672; 194 NW2d 693 (1972) (hereafter *"Genesee Prosecutor I"), People v Curtis,* 389 Mich 698; 209 NW2d 243 (1973), *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115; 215 NW2d 145 (1974) (hereafter *"Genesee Prosecutor II").*

The appellee, however, points out that under GCR 1963, 785.7 a guilty plea may be entered "only with the consent of the court". Appellee also characterizes the trial court's action, in contrast with the *Genesee Prosecutor* line, as non-affirmative and points out that the prosecutor made no objection to the ruling and proceeded to trial on the original charge.

This issue presents a substantial question not yet decided by a Michigan appellate court. In *Genesee Prosecutor I,* the Michigan Supreme Court demonstrated that judicial control over the conduct of a prosecution was beyond the authority of a circuit court.

" 'Acting as prosecutor, judge and jury' is a common description of an unfair and unlawful operation. However innocently and mistakenly, this is what happened in this case. The trial judge assumed the right over the objection of the prosecutor to determine under which of two applicable statutes a prosecution will be instituted. As already indicated such determination is an executive function and a part of the duties of the prosecutor. For the judiciary to claim power to control the institution and conduct of prosecutions would be an intrusion on the power of the executive branch of government and a

violation of the constitutional separation of powers. Const 1963, art 3, § 2. It also violates our fundamental sense of fair play." 386 Mich 672, 683–684; 194 NW2d 693, 699.

That decision held that the trial judge did not have the authority to accept an offer and plea of guilty over the objection of the prosecutor to an offense not charged or included in the information.

Subsequently, in the case of *People v Curtis,* 389 Mich 698; 209 NW2d 243 (1973), the Court again prevented intrusion by the circuit court into the discretionary areas reserved to an examining magistrate and prosecuting attorney. At page 710, the Court stated:

"We find nothing objectionable in the actions of the district court in making a return as to only the lesser charge. The prosecutor had advised the district court the reasons why he did not want to proceed on the higher charge. His petition for nolle prosequi, stated he did not feel the evidence would sustain the higher charge. The circuit court judge may not substitute his opinion for that of the prosecuting attorney or the examining magistrate."

\* \* \*

"Such rationale is equally applicable to the situation where a judge demands that the prosecutor proceed on a higher charge as it is when he decides which of two charges the case will be proceeded upon. The effect upon the defendant and the prosecutor is the same. We therefore hold that the circuit court, in this situation, committed error in issuing its order of superintending control requiring that an examination be held on the higher charge."

This holding was extended by the decision in *Genesee Prosecutor II* which overturned the trial court's acceptance of a guilty plea, over the objection of the prosecutor, where both offenses were

charged in the information and where the plea was accepted to a lesser included offense. The rationale of these decisions was further illuminated:

"A circuit judge does not enjoy supervisory power over a prosecuting attorney. He may reverse a magistrate's decision only for abuse of discretion. He may not properly substitute his judgment for that of the magistrate or prosecuting attorney as if he were reviewing the magistrate's decision *de novo* or acting in a supervisory capacity with respect to the prosecuting attorney. He may reverse or revise their decisions only if it appears on the record that they have abused the power confided to them." 391 Mich 115, 121; 215 NW2d 145, 147 (Footnotes omitted).

We recognize that there are distinctions between these three cases and the circumstances of the present case. The acceptance of guilty pleas is within the function of the trial court. Only the court can consent to the defendant's offer to plead guilty. This consent may be withheld over the prosecutor's objection if, for example, the court determines the plea to be involuntary or to lack a sufficient factual basis. The court is expressly authorized by GCR 1963, 785.7 to reject a plea under these circumstances. But the question inherent in this case is whether the trial court's authority to reject a plea bargain extends beyond the reasons for noncompliance under the court rules. The unstated position of the trial court in this case must be that it had some inherent judicial authority to refuse to accept a guilty plea for reasons of the public interest.

We do not hold that in no circumstances outside of the ambit of the court rules can a trial court refuse to accept the prosecutor's recommendation and the defendant's offer to plead guilty to a lesser

included offense. Indeed, there may well be situations in which the public interest and the proper administration of justice justify such a decision. However, the circumstances of the present case did not authorize the trial court to determine, over the prosecutor's stated recommendation, under which of two applicable statutes the defendant was to be prosecuted.

Although the *Genesee Prosecutor* line of cases did not consider the present conflict between the trial judge and the prosecutor, *Genesee Prosecutor II* does, in another context, suggest a workable test for determining when a trial court would be justified in rejecting a plea bargain for reasons of the public interest. The Court stated that the trial court may "reverse or revise [the magistrate's or prosecuting attorney's] decisions only if it appears on the record that they have abused the power confided to them". 391 Mich 115, 121; 215 NW2d 145, 147.

Thus, the trial court, taking into consideration such factors as the offense with which the defendant was charged, the surrounding factual circumstances, the lesser included offense of the plea bargain, and the opinions of other interested parties, can refuse to accept a prosecutor's recommendation where it finds that the prosecuting attorney has abused his prosecutorial discretion.

Under our system of government, the prosecuting attorney is an elected official and is responsible for his actions to the citizens of his county. Const 1963, art 7, § 4. As the chief law enforcement officer in the county, the prosecuting attorney, not the police nor the court, decides the initial charge. So also is his decision to add a count discretionary and unless this discretion is clearly abused, it should stand.

This is the principle recently established by a
Federal court in *United States v Ammidown,* 497
F2d 615 (CA DC, 1973). In holding that the trial
judge had exceeded his discretion in rejecting a
plea bargain struck between the defense and pros-
ecution, the District of Columbia Circuit started
with the presumption that the prosecutor's deter-
mination is to be followed in the overwhelming
number of cases. If the trial court determines, in
examining the fairness to the defense and prosecu-
tion and the protection of its sentencing authority,
that the prosecutor has abused his discretion, the
prosecutor's endorsement can be rejected. The de-
cision that the prosecutor's action is incompatible
with his responsibility can occur "only in a blatant
and extreme case". 497 F2d 615, 622. The trial
court must then provide a statement of the rea-
sons justifying the exercise of its discretion.

We now turn to the application of these princi-
ples to the instant case. The trial court gave no
explanation for its departure from the prosecutor's
endorsement. The court heard brief statements by
the officer in charge and the complainant as to
why they believed the defendant should be prose-
cuted on the greater charge. However, until the
time of trial, the complainant was apparently
uncertain as to whether he intended to continue to
press charges.

In considering the two offenses involved, we find
that the maximum punishment for the offense
recommended by the prosecution, attempted feloni-
ous assault, is two years. MCLA 750.82, 750.92,
750.503; MSA 28.277, 28.287, 28.771. The maxi-
mum punishment for the greater charge, assault
with intent to commit great bodily harm less than
murder, is ten years. MCLA 750.84; MSA 28.279.
Considering the relevant facts, we conclude that

the prosecutor did not overreach his discretion in recommending that a count of attempted felonious assault be added to the information. In rejecting this endorsement, the trial court failed to reserve such an exercise to the kind of extreme cases in which it is warranted.

In addition the trial court failed to provide a statement of the reasons for its decision to reject the plea bargain struck by the parties.[1]

The defendant's conviction is reversed and the case remanded for a new trial.

BRONSON, J., *(concurring)*. I fully endorse Judge CAVANAGH's conclusion that both recent Supreme Court authority and due regard for the effective administration of our system of criminal justice set definite limits on the power of circuit judges to control prosecutorial decision making.

I also agree with Judge BURNS' view that the trial judge cannot properly accept a plea to the charge of attempted felonious assault since, as Judge BURNS points out, there is no such crime. See *People v Genes,* 58 Mich App 108; 227 NW2d 241 (1975) (dissenting opinion of BRONSON, J.).

If the trial judge had denied the prosecutor's motion to add a count because the crime charged in that count did not exist, then I would readily

---

[1] My colleagues have raised the point that the count which the prosecutor sought to add, attempted felonious assault, is, in the recent terminology, a "non-existent offense". I am not convinced that the logic and reason of *People v Banks,* 51 Mich App 685; 216 NW2d 461 (1974), is more persuasive than that of the more recent cases of *People v Hooper,* 58 Mich App 132; 227 NW2d 250 (1975), and *People v Genes,* 58 Mich App 108; 227 NW2d 241 (1975).

However, as this issue was never raised in the plea proceedings, during trial or on appeal, and since it is clear from the record that the trial judge did not rely upon this reason to reject the plea agreement, I conclude that the issue is not before the Court. *See Falk v Civil Service Commission,* 57 Mich App 134; 225 NW2d 713 (1974), and *Anchor Bay Concerned Citizens v Anchor Bay Board of Education,* 55 Mich App 428; 223 NW2d 3 (1974).

affirm. However, the trial judge gave no reason for his decision. There is every indication from the record that he did not deny the motion to add a count for the right reason—that the prosecutor was abusing his discretion in charging defendant with a nonexistent crime—but rather that he agreed with the police officer and the complaining witness that defendant should be tried for the more serious offense. Such an exercise of judicial power, as Judge Cavanagh so ably points out, is an unacceptable intrusion into the executive sphere of government.

It is equally important that the trial judge provide the prosecutor with the reasons underlying his decision. Had the trial judge indicated that he felt he had the authority to require defendant to stand trial on the original charge, the prosecutor might well have then and there presented the relevant authorities and convinced the trial judge that he could not exercise such judicial power. On the other hand, had the prosecutor been made aware of the fact that the count he proposed to add was unacceptable, he may well have substituted a different charge which would have suited everyone. In any event, given the absence of any reason for the denial of the motion in this case, I vote to remand.

On remand, the prosecutor should refrain from moving to add charges to the information which do not exist. Even those members of this Court who dispute my view that one cannot plead guilty to a nonexistent offense agree that the practice should not be encouraged. *People v Larkins,* 59 Mich App 199; 299 NW2d 378 (1975). The prosecutor has at his disposal an impressive array of bargainable items, *People v Hubbard,* 57 Mich App 542; 226 NW2d 557 (1975). Resorting to crime fabrication is unnecessary.

R. B. BURNS, P. J. *(dissenting)*. I cannot agree with the results reached by the majority. The writer does not agree that a circuit judge is bound to accept the recommendation of the prosecuting attorney in a case where the circuit court has obtained jurisdiction.

However, it is not necessary to consider such an issue in this case.

The prosecutor recommended that the trial judge accept a plea of guilty to the offense of "attempted felonious assault". This court in *People v Banks,* 51 Mich App 685, 690; 216 NW2d 461, 463 (1974), said "there can be no such crime as attempted felonious assault". Therefore, the trial judge could not accept the plea.

I would affirm.