PEOPLE v PRITCHETT

1. CRIMINAL LAW—STATUTES—ATTEMPTS—CARRYING CONCEALED WEAPON.

The statute which prohibits and provides the punishment for attempts to commit crimes, when no express provision otherwise is made by law for the punishment of the attempted crime, is applicable to the crime of carrying a concealed weapon (MCLA 750.92, 750.227).

2. CRIMINAL LAW—CARRYING CONCEALED WEAPON—ATTEMPTS—EVIDENCE.

A defendant's conviction for attempted carrying a concealed weapon was proper where there was ample evidence from which the jury could conclude that defendant was carrying a sawed-off shotgun, that he tried to conceal the weapon beneath his coat, and that his attempt to conceal the shotgun was unsuccessful.

Appeal from Kalamazoo, Raymond W. Fox, J. Submitted May 15, 1975, at Grand Rapids. (Docket No. 20323.) Decided July 21, 1975.

Robert Pritchett was convicted of attempted carrying a concealed weapon. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Donald A. Burge,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, and *Lee W. Atkinson,* Special Assistant Attorney General, of counsel), for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 79 Am Jur 2d, Weapons and Firearms §§ 8–23.
Offense of carrying concealed weapons as affected by manner of carrying or place of concealment. 43 ALR2d 492.

*Thomas G. Parachini,* for defendant.

Before: D. E. HOLBROOK, P. J., and ALLEN and
D. E. HOLBROOK, JR., JJ.

ALLEN, J. Defendant was charged with carrying
a concealed pistol without a license, MCLA
750.227; MSA 28.424[1], and was tried by jury. At
the close of proofs, the jury was instructed it could
return one of three possible verdicts: guilty as
charged; guilty of attempted carrying a concealed
pistol, MCLA 750.92; MSA 28.287; or not guilty.
The jury returned a verdict of guilty of attempted
carrying a concealed pistol.

The facts are straightforward. A Kalamazoo po-
lice officer, responding to a prowler complaint,
alighted from his car and commenced looking
around the neighborhood. He saw a person stand-
ing in the shadows between two houses. The per-
son was facing one side of the house with his back
to the officer. When the officer approached, the
person turned around and the officer saw the butt
end of a shotgun sticking out of the person's coat.
The person had his hands in his coat pockets
holding the gun through his coat with the barrel
pointing down. The officer took the gun and identi-
fied the person as defendant herein. Defendant
claimed he had been visiting at a friend's home
and had gotten the gun from his sister's home a
few blocks away when she requested that he re-
move it from her home because she did not want
her children playing with it. When he returned to
the home of his friends, he stood under a window
knocking on it to attract attention. While waiting
to be let in and because it was cold, he stuck the
barrel of the gun into his pants, putting his hands

[1] The pistol was a sawed-off shotgun less than 30 inches long and
therefore, by statute, considered a pistol. MCLA 750.222; MSA 28.419.

in the pockets of his coat to keep warm and holding the gun through his coat pockets. The record does not disclose whether the instruction on attempt was given at the prosecution or defense counsel's request or was given *sua sponte* by the trial judge. No objection was made to the instruction. Defendant was sentenced April 24, 1974 to a term not to exceed 30 months and not less than 20 months.

Upon appeal, challenge is made to the trial court's application of the general attempt statute, MCLA 750.92; MSA 28.287. Appellant claims the conviction must be set aside because there is no offense known in law as attempted carrying a concealed weapon. This panel could respond perfunctorily by merely citing *People v Pickett,* 21 Mich App 246, 248; 175 NW2d 347 (1970), where this precise question was considered and resolved adversely to defendant. In that case the Court, after first observing that a conviction for attempting to carry a concealed weapon presented a paradox, said:

"Nevertheless, the statute setting forth the punishment for attempt to commit offenses prohibited by law, CL 1948, § 750.92 (Stat Ann 1962 Rev § 28.287), resolves this paradox adversely to the defendant herein." 21 Mich App at 248.

But because *Pickett* involved a guilty plea as distinguished from a conviction by jury and because subsequent decisions of this Court have inferred that guilty pleas to attempt charges may be sustained when a jury conviction might be reversed, we will not rest our affirmance of the trial court on *Pickett* alone.[2]

_____

[2] *See People v Genes,* 58 Mich App 108, 111; 227 NW2d 241 (1975), where, in upholding a plea-based conviction for manslaughter, the

The general attempt statute upon which the trial court based its instruction reads as follows:

"Any person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the perpetration, or shall be intercepted or prevented in the execution of the same, *when no express provision is made by law for the punishment of such attempt,* shall be punished as follows: * * * ." (Emphasis supplied.) MCLA 750.92; MSA 28.287.

Citing *People v Hall,* 28 Mich App 662; 184 NW2d 742 (1970), and *People v Richard Banks,* 51 Mich App 685; 216 NW2d 461 (1974), appellant claims the general attempt statute applies only when no other express statutory provision prohibits the act which would otherwise constitute the attempt. Appellant then argues that since there is a statutory prohibition against the reckless carrying of a weapon, MCLA 752.863a; MSA 28.436(24), and against possession of a weapon while unlicensed or for which no permit was obtained, MCLA 750.232a; MSA 28.429(1), the general attempt statute is inapplicable. The fallacy in appellant's argument is dual. First, the alternate statutes cited are not express. Reckless carrying of firearms does not necessarily describe the offense committed in the instant case. For example, one may try to conceal a weapon which he is carrying and still not carry it in a dangerous or reckless manner. Possession of

Court stated: "On several occasions this Court has upheld pleas to attempt charges when, *at least arguably,* a jury conviction would have been reversed." (Emphasis supplied.) Also, *People v Hooper,* 58 Mich App 132, 133; 227 NW2d 250 (1975), where, in sustaining a plea-based conviction for attempted uttering and publishing, this Court said "The idea that one who makes a bargain for his own benefit can be released from that bargain because what he bargained for is a non-existent crime is repugnant to any sense of justice, fairness and common sense."

an unlicensed firearm proscribes conduct much broader than the conduct involved in the instant case. It proscribes the carrying of a weapon without a license even if the weapon is not concealed. Thus, neither statute is express in the sense that it defines *only* the offense for which defendant is charged. Second, both *Hall, supra,* and *Banks, supra,* are distinguishable. Indeed, *Hall* is sound authority for the trial court's position. In that case, defendant was convicted for attempted safebreaking, an offense specifically described in MCLA 750.531; MSA 28.799. He was sentenced from 8 to 25 years and appealed, claiming that the general attempt statute limits the punishment to not more than five years. The Court dismissed the claim, saying the general attempt statute did not apply because there was a specific statute prohibiting the very same offense (and no other offense) for which defendant was convicted.

*Banks, supra,* involving attempted felonious assault, is distinguishable because the Court found that assault is basically an attempt to commit battery, and consequently an attempt to attempt is a *non sequitur.*[3]

This Court has not accepted the theory proposed by defendant that if there is any other statute which *may* cover the conduct in question (even though that statute may also encompass conduct not in question) the general attempt statute is inapplicable. For example, assault and battery is an offense which covers voluntary manslaughter.

---

[3] *See Anno: Attempt to commit assault as criminal offense,* 79 ALR2d 597. The courts are divided as to whether there is such an offense. Jurisdictions which hold that assault is simply putting a person in fear of life or injury, hold that attempt to assault is a recognized offense. Jurisdictions which find that assault is an attempt to commit battery, hold there can be no attempt to attempt, and thus attempt to assault is not a recognized offense. In *Banks, supra,* the Court found assault was an attempt to attempt.

Yet in *People v Genes,* 58 Mich App 108, 110; 227 NW2d 241 (1975), this Court said:

"We must reject the defendant's argument that there is no such thing as attempted manslaughter. While there can be no such thing as attempted involuntary manslaughter, where the theory is voluntary manslaughter there can be an attempt."

The presence or absence of a separate statute acting as a bar to the application of the general attempt statute does not rest on whether the separate statute conceivably may or could cover the conduct for which the accused is charged but depends upon whether the alternate statute describes, as in *Hall, supra,* the same (and no other) offense for which the accused is charged. In the instant case, the alternate statutes relied upon by defendant are not limited to the offense charged.[4] The record discloses ample evidence from which the jury could properly conclude that defendant was carrying the sawed-off shotgun, that contrary to his allegations he tried to conceal the weapon beneath his coat, and that because a portion of the weapon was visible, his effort to conceal the weapon was unsuccessful. That constitutes attempted carrying a concealed pistol.

Affirmed.

---

[4] As noted earlier, the offense of carrying a weapon without a license proscribes conduct more inclusive than the offense for which defendant is charged. It proscribes carrying a weapon without a license even if the weapon is not concealed.