FARM BUREAU MUTUAL INSURANCE COMPANY OF
MICHIGAN v COMMISSIONER OF INSURANCE

Docket Nos. 172973, 173045. Submitted March 18, 1994, at Lansing.
Decided March 31, 1994, at 9:00 A.M. Leave to appeal denied,
445 Mich —.

Farm Bureau Mutual Insurance Company of Michigan, Auto
Club Insurance Association, and other, intervening parties,
petitioned the Eaton Circuit Court for a review of a declaratory
ruling of the Commissioner of Insurance that 1993 PA 143,
which makes substantial changes in the Insurance Code with
regard to automobile insurance, was suspended upon the filing
of a petition for a referendum thereon that apparently had a
sufficient number of valid signatures. The Commissioner of
Insurance and various intervening respondents alleged that the
commissioner had the authority to issue the ruling. The court,
G. Michael Hocking, J., entered an order vacating the commis-
sioner's ruling on the ground that the commissioner had no
authority to issue the ruling. Farm Bureau and Auto Club
sought leave to file an emergency appeal in the Court of
Appeals (Docket No. 172973). The Commissioner of Insurance
also sought leave to file an emergency appeal in the Court of
Appeals (Docket No. 173045). The applications were submitted
together to the Court of Appeals. Farm Bureau and Auto Club's
application to appeal to the Supreme Court before the decision
of the Court of Appeals was denied in an order dated March 25,
1994 (Docket No. 99005).

The Court of Appeals *held:*

1. The Court of Appeals may issue a final decision regarding
the applications pursuant to MCR 7.205(D)(2).

2. The Commissioner of Insurance was authorized, pursuant
to MCL 24.263; MSA 3.560(163), to issue the ruling regarding
the effective date of the act.

3. The Court of Appeals may exercise its authority, under

REFERENCES

Am Jur 2d, Initiative and Referendum §§ 54, 65; Insurance § 22.
See ALR Index under Administrative Law; Declaratory Judgment
or Relief; Initiative and Referendum; Insurance and Insurance
Companies.

MCR 7.216(A)(7), to decide the effective date of the act, even though the circuit court did not reach the issue.

4. The canvassing process is inchoate until certification.

5. When petitions seeking a referendum, which on their face meet legal requirements, are filed, the signatures appearing on the petitions are presumed valid and the statute at issue is stayed or suspended until either the petitions are found to be invalid or a vote of the people occurs.

6. The filing of petitions that included, if they are valid, a sufficient number of signatures to invoke a referendum stays the effective date of 1993 PA 143.

Reversed.

1. STATUTES — REFERENDUMS — PETITIONS — SUSPENSION.

A law that is subject to referendum is suspended when petitions seeking a referendum thereon, which on their face meet legal requirements, are filed; the signatures on the petitions are presumed valid and the statute at issue is stayed or suspended until either the petitions are found to be invalid or a vote of the people occurs (Const 1963, art 2, § 9).

2. ADMINISTRATIVE LAW — INSURANCE — COMMISSIONER OF INSURANCE — DECLARATORY RULINGS.

The Commissioner of Insurance is authorized to issue a declaratory ruling regarding the applicability to an actual state of facts of a statute administered by the commissioner (MCL 24.263; MSA 3.560[163]).

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Peter H. Ellsworth, Jeffery V. Stuckey,* and *William C. Bertrand, Jr.*), for Farm Bureau Mutual Insurance Company of Michigan and Auto Club Insurance Association, petitioners.

*Honigman Miller Schwartz & Cohn* (by *John D. Pirich, Timothy Sawyer Knowlton,* and *Sandra Jasinski*), for Auto-Owners Insurance Company, Amerisure Insurance Company, and Hanover Insurance Company, intervening petitioners.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Gary P. Gordon* and *Richard P. Gartner,* Assistant Attorneys General, for the Commissioner of Insurance, respondent.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Leo H. Friedman,* Assistant Attorney General, for the Secretary of State, intervening respondent.

*Sachs, Waldman, O'Hare, Helveston, Hodges & Barnes, P.C.* (by *Theodore Sachs* and *Mark Brewer*), for Committee for Fairness and Accountability in Insurance Reform and other intervening respondents.

Before: MICHAEL J. KELLY, P.J., CAVANAGH and FITZGERALD, JJ.

MICHAEL J. KELLY, P.J. By separate applications, appellants seek emergency appeals from a February 25, 1994, order of the Eaton Circuit Court that vacated a declaratory ruling by the Commissioner of Insurance.

Because the applications involve a question of significance to the state's jurisprudence and the Supreme Court has denied bypass in an order entered on March 25, 1994 (Docket No. 99005), we issue this final decision regarding the applications pursuant to MCR 7.205(D)(2).

I

The principal question presented to the commissioner and raised in these applications is when, under Const 1963, art 2, § 9, is a law that is subject to referendum suspended? Although the commissioner did not agree with it, he followed an unpublished informal opinion (see Appendix A) of the Attorney General and ruled that the law is suspended upon the filing of a petition that apparently has a sufficient number of valid signatures. On appeal, the circuit court vacated that ruling on the ground that the commissioner had no author-

ity under § 63 of the Administrative Procedures Act, MCL 24.263; MSA 3.560(163), to issue the ruling. We hold that the commissioner did have authority, and therefore reverse.

Section 63 allows an agency to "issue a declaratory ruling as to the applicability to an actual state of facts of a statute administered by the agency." The law in question is 1993 PA 143. It makes substantial changes in the Insurance Code with regard to automobile insurance. The act was not given immediate effect and would, therefore, ordinarily go into effect ninety days after the close of the legislative session, or on April 1, 1994. Const 1963, art 4, § 27. Because the act imposes on the Commissioner of Insurance and automobile insurers new and enlarged obligations, many of which are operative on or within a specified number of days after the effective date of the act, the question concerned an actual state of facts concerning the Insurance Code administrated by the commissioner and, therefore, he had authority under § 63 of the Administrative Procedures Act to issue a declaratory ruling regarding the effective date of the act.

II

Because of the significance of the question presented and the closeness of the critical April 1, 1994, date, we exercise our authority under MCR 7.216(A)(7) to decide the effective date of the act, even though the circuit court did not reach that issue. In an earlier proceeding, *Committee for Automobile Ins Reform v Secretary of State* (Docket No. 171319), this panel of the Court of Appeals declined to decide the same issue following an original complaint for mandamus against various state defendants because, no petition hav-

ing been filed at that time, the state defendants had no clear legal duties to perform with regard to a referendum. Order of Dismissal entered February 25, 1994. However, because the question is now presented on appeal from a circuit court order, and the Supreme Court has denied bypass, the issue is ripe for review and should be decided by this Court at the earliest opportunity.

The question is a thorny one. Either way, the legislative process has a shadow thrown upon it. Is the presumption of validity held in suspense while the canvassers complete their certification, or is the canvassing process itself inchoate until certification? We choose the latter evil as did the Commissioner of Insurance and the Attorney General. If we have rented the horse closest to the stable door, the Supreme Court has the power of ascendancy.

Although the Attorney General's March 28, 1988, opinion is neither binding nor precedential, we follow its rationale and attach it hereto for publication as Appendix A.

Reversed.

### APPENDIX A

March 28, 1988
Mr. C. Patrick Babcock, Director
Department of Social Services
8th Floor, Commerce Center
Lansing, MI

Dear Mr. Babcock:

Following the filing of petitions seeking to invoke the power of referendum with regard to 1987 PA 59, which amended 1939 PA 280, the Social Welfare Act, by adding section 109(a) you asked when the right of referendum is properly invoked and

the effective date of that statute stayed. Section 109(a) states in part: "[A]n abortion shall not be [. . .] provided with public funds to a [recipient] of welfare benefits."

Specifically you asked if the filing of petitions, which include, if they are valid, a sufficient number of signatures to properly invoke a referendum, stays the effective date of 1987 PA 59 which will otherwise become effective on March 30, 1988.

As my Chief Assistant previously advised you, while we began researching this issue immediately, research did not disclose a case which directly addressed your question.

As you know, in Const 1963, art 2, § 9 the people reserved to themselves:

"[T]he power to approve or reject laws enacted by the legislature, called the referendum."

And provided

"No law as to which the power of referendum properly has been invoked shall be effective thereafter unless approved by a majority of the electors voting thereon at the next general election."

Unfortunately, the Constitution does not define "properly invoked" and no Michigan appellate court decision has defined that term nor has any appellate court decision directly addressed whether the "power of referendum (is) . . . invoked when a referendum petition is filed or when a determination is made that it contain[s] a sufficient number of valid signatures. While no Michigan appellate court decision has decided this precise issue, two Michigan Court of Appeals decisions do discuss the validity of petition signatures. In a 1979 [sic] case the issue was whether local officials

checking a recall petition had to compare each petition signature with the signature on the voter's registration card. The Court of Appeals said:

"[S]ignatures appearing on petitions filed with the Secretary of State for initiative and referendum are presumed valid, and the burden is on the protestant to establish their invalidity by clear, convincing and competent evidence." *Jaffe v [Oakland Co Clerk]*, 87 Mich App 281, 285; 274 NW2d 38 [1978].

In a 1968 case where the issue was a city's refusal to act on petitions because they contained the signatures of persons not registered to vote, the Court of Appeals said:

"Initially, the petitions in proper form are presumed to be valid and to have been completed in accordance with the circulatory's affidavit." *Grosse Pointe [Farms Fire Fighters] Association v Grosse Pointe [Farms City] Clerk,* 11 Mich App 112, 118 [157 NW2d 695 (1968)], lv den 381 Mich 770 (1968).

In addition to the foregoing it should be noted that our Supreme Court has held that the power of referendum should be liberally construed in order to effectuate its purposes.

"under a system of government based on grants of power from the people, constitutional provisions by which the people reserve to themselves a direct legislative voice ought to be liberally construed." *Kuhn v Dep't of Treasury,* 384 Mich 378, 385; 183 NW2d 796 (1971).

If, as the Court of Appeals said in *Jaffe v [Oakland Co Clerk]*, *supra,* petition signatures are presumed valid then a referendum petition which apparently has a sufficient number of valid signatures must be

presumed valid and, as a result, the power of referendum "properly invoked" when the petition is filed. This conclusion conforms to the Michigan Supreme Court's comment, in dicta, concerning the filing of a referendum petition in connection with the daylight savings time issue. In a 1971 case, the Supreme Court said:

"the effect of MCLA § 435.211, *et seq., supra* was suspended by the filing of referendum petitions." *Wolverine Golf Club v Secretary of State,* 384 Mich 461, 463; 185 NW2d 392 (1971).

Based on the foregoing, I must conclude that when a petition seeking referendum, which on its face meets legal requirements, is filed the signatures appearing on that petition are presumed valid and the statute at issue is stayed or suspended until either the petitions are found to be invalid or a vote of the people occurs.

Sincerely yours,

Frank J. Kelly
Attorney General