PEOPLE v WALKER

Opinion of the Court

1. Criminal Law—Plea of Guilty—Voluntariness—Promises of Leniency—Relatives.

A promise of leniency for a relative does not in itself amount to coercion so as to make a defendant's guilty plea involuntary as a .matter of law; however, such promises may render a plea involuntary as a matter of fact.

2. Appeal and Error—Criminal Law—Evidentiary Hearings—Plea of Guilty—Voluntariness—Promises Not to Prosecute.

An appellate court should remand to the trial court upon a defendant's request for an evidentiary hearing to determine the voluntariness of a guilty plea entered by the defendant in return for a promise not to prosecute the defendant's wife, even where the defendant had failed to move to withdraw his plea before bringing an appeal.

Dissent by Beasley, J.

3. Criminal Law—Plea of Guilty—Voluntariness—Special Hearings—Special Findings—Special Considerations—Relatives —Plea-Taking Proceedings—Court Rules.

*A trial judge is not required to hold a special hearing and make a separate finding regarding the voluntariness of a defendant's guilty plea where the bargain for such plea, between the prosecutor and the defendant, involved special considerations for a family member or relative of the defendant; however, a finding as to the voluntariness of such plea must be made at the plea-taking proceeding (GCR 1963, 785.7[1], [2], [5]).*

Appeal from Wayne, James N. Canham, J. Submitted March 11, 1977, at Detroit. (Docket No. 28989.) Decided May 4, 1977.

Reference for Points in Headnotes

[1–3] 21 Am Jur 2d, Criminal Law § 485.

Wesley Walker was convicted, on his plea of guilty, of attempted delivery of phencyclidine. Defendant appeals. Remanded for a hearing on the voluntariness of defendant's plea. Jurisdiction retained.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Research, Training and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Kenneth Lerner,* Assistant State Appellate Defender, for defendant.

Before: M. F. CAVANAGH, P. J., and R. B. BURNS and BEASLEY, JJ.

M. F. CAVANAGH, P. J. Defendant and his wife were charged with delivery of phencyclidine, MCLA 335.341(1)(b); MSA 18.1070(41)(1)(b), and conspiracy to violate the Controlled Substances Act, MCLA 750.157a; MSA 28:354(1). Defendant and the prosecutor struck a plea bargain: the prosecutor would move to nolle prosequi the case against the defendant's wife and the conspiracy count against defendant if defendant would plead guilty to the lesser included offense of attempted delivery. That bargain was executed, and defendant was sentenced to 2 to 3-1/2 years in prison. He appeals as of right.

Defendant argues that since his plea bargain encompassed a promise of leniency for his spouse, we should find his plea involuntary as a matter of law. The controlling authority holds otherwise:

"While a promise of leniency for a relative does not in itself amount to coercion so as to make a guilty plea involuntary as a matter of law, we recognize that it may render a plea involuntary as a matter of fact." *People v James,* 393 Mich 807, 808; 225 NW2d 520 (1975).

*People v James, supra,* and *People v Freddie Harris,* 394 Mich 841 (1975), establish that even where the defendant has failed to move to withdraw his plea before bringing an appeal, the appellate court should remand upon request to the trial court for an evidentiary hearing. We find *People v James, supra,* indistinguishable from this case, and remand for a hearing on the voluntariness of defendant's plea. We retain jurisdiction.

R. B. Burns, J., concurred.

Beasley, J. *(dissenting).* I dissent.

At the joint arraignment of defendant and his wife, the trial judge was informed by the prosecutor of the nature of the plea bargain. The judge then proceeded with the taking of defendant's guilty plea; voluntariness of the plea was specifically treated during that proceeding. After taking the plea under advisement, the judge accepted it and sentenced defendant. A review of the record discloses that all aspects of the bargain were kept.

Defendant now seeks, in effect, a change in the procedure for taking guilty pleas. Anytime a plea bargain involved special consideration for a family member or relative, defendant would require that the trial judge make two findings of voluntariness, one at a special hearing and one at the plea taking as is already required by court rule. GCR 1963, 785.7(1), (2) and (5). Such a change is not supported

by either the referenced court rule or the most recent exhaustive interpretation of it. See, *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975).

Nor would I institute such a change based upon *People v James,* 393 Mich 807; 225 NW2d 520 (1975), and *People v Freddie Harris,* 394 Mich 841 (1975). The abbreviated disposition of these cases makes deduction of any general rule difficult at best.

Special facts may arise requiring special treatment. However, such facts are not alleged in this case. Therefore, I see no reason either to disturb defendant's conviction or to institute a mandatory rule which would preclude the acceptance of such pleas or radically change the manner in which they are taken.

I would affirm.