PEOPLE v HUTCHERSON

Docket No. 78-1869. Submitted September 4, 1979, at Grand Rapids.—
Decided January 10, 1980.

Defendant, Rickey L. Hutcherson, was charged with assault with
intent to rob being armed and felony-firearm and was con-
victed, on his pleas of guilty, of assault with intent to commit
criminal sexual conduct involving penetration and felony-fire-
arm in the Kent Circuit Court, George V. Boucher, J. Defen-
dant appeals. *Held:*

1. A court rule states: "[i]f the defendant pleads guilty, the
court, by questioning him, shall establish support for a finding
that he is guilty of the offense charged or the offense to which
he is pleading". This requirement is met if the court elicits
from the defendant support for a finding that he is guilty of
*either* the charged offense *or* the offense to which he is plead-
ing. The plea was not defective because the questioning of ·
defendant established support for a finding that defendant was
guilty of the crime charged.

2. Conviction of both assault with intent to commit criminal
sexual conduct involving penetration and felony-firearm does
not violate the constitutional prohibition against double jeop-
ardy.

3. The trial court's failure to inform the defendant of the
consequences of a pending, unrelated escape charge does not
affect the validity of his plea.

4. The defendant was a potential subject of habitual offender
supplementation; therefore, the prosecutor's promise not to

REFERENCES FOR POINTS IN HEADNOTES

[1,6] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

[2] 21 Am Jur 2d, Criminal Law §§ 188, 189.

[3] 21 Am Jur 2d, Criminal Law §§ 488-490.

Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof. 97
ALR2d 549.

[4] 21 Am Jur 2d, Criminal Law § 487.

39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 19.

[5] 5 Am Jur 2d, Appeal and Error § 962.

21 Am Jur 2d, Criminal Law § 485.

charge defendant as a habitual offender in return for his plea did not render the plea bargain illusory.

5. Defendant, in the trial court, moved to withdraw his plea, alleging that it was involuntary. The court never decided the issue of voluntariness.

Remanded for a hearing on the issue of voluntariness.

T. M. BURNS, J., concurred in part and dissented in part. He concurred in the remand for a hearing on the issue of voluntariness but disagreed with the holding that the establishment of support for a finding that defendant was guilty of the crime *charged* satisfied the court rule governing guilty pleas. He would also remand for a hearing to allow the prosecutor to establish the missing elements of assault with intent to commit criminal sexual conduct involving penetration, with instructions that the plea be vacated in the event the prosecutor is unable to do so.

## OPINION OF THE COURT

1. CRIMINAL LAW — PLEA OF GUILTY — COURT RULES.

A court rule states: "[i]f the defendant pleads guilty, the court, by questioning him, shall establish support for a finding that he is guilty of the offense charged or the offense to which he is pleading"; this requirement is met if the court elicits from the defendant support for a finding that he is guilty of *either* the charged offense *or* the offense to which he is pleading (GCR 1963, 785.7[3][a]).

2. ASSAULT AND BATTERY — FELONY-FIREARM — CONSTITUTIONAL LAW — DOUBLE JEOPARDY.

Conviction of both assault with intent to commit criminal sexual conduct involving penetration and felony-firearm does not violate the constitutional prohibition against double jeopardy.

3. CRIMINAL LAW — PLEA OF GUILTY — OTHER PENDING CHARGES.

A plea of guilty is unaffected by the trial court's failure to inform the defendant of the consequences of a pending charge for an unrelated offense.

4. CRIMINAL LAW — PLEA OF GUILTY — HABITUAL OFFENDERS.

A plea bargain was not illusory where the prosecutor agreed not to charge the defendant as a habitual offender and where the defendant was in fact a potential subject of habitual offender supplementation.

5. APPEAL — CRIMINAL PROCEDURE — CRIMINAL LAW — PLEA OF
      GUILTY — VOLUNTARINESS OF PLEA.

   The Court of Appeals should remand a case for an evidentiary
   hearing on the issue of the voluntariness of a defendant's plea
   of guilty where the issue was timely raised in the trial court
   but not decided.

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY T. M. BURNS, J.

6. CRIMINAL LAW — PLEA OF GUILTY — COURT RULES.

   *The court rule which states: "[i]f the defendant pleads guilty, the
   court, by questioning him, shall establish support for a finding
   that he is guilty of the offense charged or the offense to which
   he is pleading" requires that the court satisfy itself that the
   defendant has pled to an offense of which he might have been
   convicted at trial (GCR 1963, 785.7[3][a]).*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *David H. Sawyer,*
Prosecuting Attorney, and *Carol S. Irons,* Assist-
ant Prosecuting Attorney, for the people.

*Buth, Wood & Weidaw* (by *George S. Buth* and
*Stephen M. Tuuk),* for defendant.

Before: ALLEN, P.J., and R. B. BURNS and T. M.
BURNS, JJ.

PER CURIAM. On December 8, 1977, defendant
pled guilty to assault with intent to commit crimi-
nal sexual conduct involving penetration, contrary
to MCL 750.520g(1); MSA 28.788(7)(1), and posses-
sion of a firearm in the commission thereof, con-
trary to MCL 750.227b; MSA 28.424(2). On March
20, 1978, he was sentenced to prison for six to ten
years on the assault charge and to a consecutive
sentence of two years on the felony-firearm charge.
A number of issues are raised on appeal.

   First, defendant claims that his guilty plea on
the assault charge was defective because the trial
court failed to elicit a sufficient factual basis pur-
suant to GCR 1963, 785.7(3)(a). In particular, de-

fendant contends that his plea to the crime of assault with intent to commit criminal sexual conduct involving penetration was defective because the elements of that charge were not made out by his recitation of the facts. The prosecution concedes this fact but asserts that GCR 1963, 785.7(3)(a) does not require recitation of facts which support the charge of assault with the intent to commit criminal sexual conduct where the facts pleaded support a finding that defendant is guilty of the offense *charged.*

GCR 1963, 785.7(3)(a) states:

"If the defendant pleads guilty, the court, by questioning him, shall establish support for a finding that he is guilty *of the offense charged* or the offense to which he is pleading." (Emphasis supplied.)

Since defendant was originally charged with assault with intent to rob while being armed (MCL 750.89; MSA 28.284) and since he acknowledged during the plea taking that he had committed armed robbery of the victim, we conclude that a sufficient factual basis was obtained in conformity with GCR 1963, 785.7(3)(a). *People v Sinclair,* 58 Mich App 609, 612-613; 228 NW2d 486 (1975), *cf. People v Hooper,* 58 Mich App 132; 227 NW2d 250 (1975).

Next, defendant claims that his conviction under the felony-firearm statute is invalid because the statute violates his constitutional right against double jeopardy. This claim was recently settled and has been rejected by the Michigan Supreme Court in *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979).

Third, defendant contends that, because he was not advised during his plea of the sentence consequences regarding a possible escape charge, a

knowing and understanding plea was not entered. The record clearly indicates that the trial judge informed the defendant that if he was on probation or parole at the time of the violation for which he was presently pleading, he could be sentenced for violating probation or parole. This conforms with GCR 1963, 785.7(1)(e). That defendant may also have been subject to further sentencing based upon a separate, substantive criminal charge of escape is inconsequential to the voluntariness or understanding of defendant's plea to the instant charge. Thus, the trial court's failure to inform the defendant of the consequences of a pending charge for escape from a work release program is legally insignificant since it involves an unrelated offense upon which the instant plea has no effect.

Fourth, defendant claims that his plea was a product of an illusory bargain because as part of the agreement in exchange for defendant's plea, the prosecutor agreed that "there will be no charge made against Mr. Hutcherson as an habitual offender". Defendant argues that since the prosecutor was fully aware of defendant's previous felony conviction and chose not to charge him under the habitual offender statute (MCL 769.10 *et seq.;* MSA 28.1082 *et seq.)* prior to the plea taking, he was precluded from doing so under the rule announced in *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979). Since the prosecution could not legally apply the habitual offender statute to the defendant, it is claimed that the use of this statute as a bargaining tool rendered the bargain illusory, mandating reversal under *People v Roderick Johnson,* 86 Mich App 77, 79; 272 NW2d 200 (1978). We disagree.

*People v Fountain, supra,* involved two distinct

situations in which the prosecutor filed supplemental informations under the habitual offender statute following the defendant's convictions by trial. In contrast, the instant situation involves a negotiated plea by defendant, represented by counsel, and the prosecutor *not* to charge defendant as an habitual offender. The agreement was reached prior to defendant's plea. Presumably, if an agreement had not been reached, the prosecutor would have pursued all of the pending and potential charges against defendant. The rule announced in *Fountain* does not preclude the prosecutor from proceeding with a prosecution under the habitual offender act so long as its action is prompt, providing fair notice to the accused sufficiently in advance of a conviction on the current charge. Since, at the time the plea bargain was made and accepted, the accused was in fact "a potential subject of habitual offender supplementation" the offer by the prosecutor to forego supplementation as part of the plea agreement was not illusory. *People v Roderick Johnson, supra,* 79.

Finally, defendant claims that he is entitled to a remand for an evidentiary hearing to determine whether his plea was "involuntary in fact" allegedly because his attorney misinformed him regarding the offense to which defendant would plead guilty.

We note that the factors alleged by defendant in the instant case as rendering his plea involuntary are materially different from the factors relied on by the Courts in *People v James,* 393 Mich 807, 808 (1975), and *People v Walker,* 75 Mich App 552; 255 NW2d 658 (1977), relied on by defendant. Here, defendant claims that an unkept promise by his attorney that defendant would be able to plead guilty to a charge other than the one to which he

ultimately pleaded caused an improperly induced plea. This was followed by defendant's motion to withdraw his plea, which was apparently never ruled on by the lower court. In contrast, in *People v James, supra,* and *People v Walker, supra,* the Courts were confronted with situations in which there was a possibility of coercion as a matter of fact, arising from the prosecutor's promise of leniency for defendant's relative in exchange for a guilty plea to the current charge.

Nonetheless, because the trial judge did not rule on the defendant's motion to withdraw his plea, we remand for an evidentiary hearing as to the voluntariness of defendant's plea. The trial judge shall determine, after an evidentiary hearing, whether defendant was improperly induced by his trial counsel to plead to assault with intent to commit criminal sexual conduct involving penetration, after being assured by counsel that his plea would be to assault with intent to commit a felony. If so, defendant's convictions on the instant charges are reversed and should be set for trial. If not, or if it is determined that defendant voluntarily chose to plead to the instant offenses, notwithstanding his attorney's assurances to the contrary, then the convictions are affirmed.

Remanded. This Court retains no further jurisdiction.

T. M. BURNS, J. *(concurring in part; dissenting in part).* I agree that this case ought to be remanded for an evidentiary hearing on the voluntariness of defendant's plea. However, I disagree with the majority's interpretation of GCR 1963, 785.7(3)(a). The majority would support defendant's guilty plea conviction of assault with intent to commit criminal sexual conduct involving penetration

even though there is no factual support for this conviction in the guilty plea transcript.

In *People v Haack,* 396 Mich 367, 378; 240 NW2d 704 (1976), the Supreme Court, quoting *People v Coates,* 32 Mich App 52, 70; 188 NW2d 265 (1971) (Levin, J., dissenting), stated:

"A guilty plea 'may be accepted even though the defendant is unsure of his guilt and even where he denies his guilt if after *careful* inquiry the judge satisfies himself that there is a substantial factual basis for the plea and that the plea represents a well-considered and well-advised choice by the defendant'." (Emphasis in original.)

In the instant case there is no "substantial factual basis for the plea". The construction given this Court Rule by the majority does an injustice to the spirit of this Court Rule as evidenced by the Supreme Court's opinion in the *Guilty Plea Cases,* 395 Mich 96, 129; 235 NW2d 132 (1975), *cert den sub nom Saunders v Michigan,* 429 US 1108; 97 S Ct 1142; 51 L Ed 2d 561 (1977), where the Supreme Court reviewed the factual basis of the various pleas by the defendants before it and affirmed many of them on the basis that "it appears on the record that the defendant pled guilty to an offense of which he might have been convicted at trial".

On the facts presented at the guilty plea proceeding below, defendant could not have been convicted by a jury of assault with intent to commit criminal sexual conduct involving penetration. It is irrelevant that he could have been convicted of any other charge because it was this crime that he pleaded guilty to. Therefore, I would hold that on remand the prosecutor be required to establish the missing elements of this crime. *Id.,* 129. If he is able to do so, then defendant's conviction should be affirmed. However, if the prosecutor is unable to do so, defendant's guilty plea should be vacated.