PEOPLE v PERRY

Docket Nos. 58939, 58940. Submitted May 20, 1982, at Detroit.—
Decided August 26, 1982.

Conley H. Perry was convicted, on his pleas of guilty, of delivery
of marijuana and possession of a firearm in the commission of a
felony, Lapeer Circuit Court, Norman A. Baguley, J., and, in a
separate case, delivery of LSD, Lapeer Circuit Court, Martin E.
Clements, J. Those pleas of guilty were entered pursuant to a
plea bargaining agreement in which the prosecutor, in ex-
change for those pleas, agreed not to prosecute the defendant
for seven other felony charges and would allow the defendant's
son, who was charged with two felonies, to plead guilty to a
one-year misdemeanor. The defendant appeals alleging that (1)
because part of the agreement made in exchange for his guilty
pleas included a reduced charge for his son, the agreement was
coercive and his plea involuntary, (2) his right to assistance of
counsel was violated because the same attorney represented
both him and his son thus presenting a conflict of interest, (3)
his conviction for felony-firearm was erroneous because there
was no showing that the defendant intended to carry or possess
a firearm during the commission of a felony, and (4) he is
entitled to credit for 90 days served in jail prior to his sentence
on the first felony charge despite the fact that the incarceration
was due to the defendant's inability to post bond on a subse-
quent felony charge. The cases were consolidated by the Court
of Appeals. *Held:*

1. A promise of leniency for a relative is not coercive so as to
render a guilty plea involuntary as a matter of law; it is only
evidence that the plea may be involuntary as a matter of fact.
Here, the defendant's plea was voluntarily made and the

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 481, 482.

Effect, under Rule 11(e) of Federal Rules of Criminal Procedure, of
plea bargain based on offer of leniency toward persons other than
accused. 50 ALR Fed 829.

[2] 73 Am Jur 2d, Statutes §§ 165, 194.

[3, 4] 79 Am Jur 2d, Weapons and Firearms §§ 24, 25.

[4] 79 Am Jur 2d, Weapons and Firearms § 5.

defendant gained substantial benefit from the plea agreement regarding his own criminal liability.

2. There is no merit to the defendant's argument that he was denied the effective assistance of counsel.

3. The defendant's conviction for felony-firearm should be affirmed. The defendant's intent regarding his possession of a firearm during the commission of a felony is irrelevant. The felony-firearm statute regulates the possession of firearms and is constitutional.

4. The defendant should be credited for the 90 days that he spent in jail despite the fact that such confinement stemmed from a different charge.

Affirmed, and sentence modified.

1. CRIMINAL LAW — PLEA BARGAINING.

A prosecutor's promise of leniency for a relative in a plea bargaining agreement is not coercive so as to render a guilty plea involuntary as a matter of law, it is only evidence that the plea may be involuntary as a matter of fact; where a defendant definitely asserts that the promise of leniency made his guilty plea involuntary and requests a remand for an evidentiary hearing to establish the grounds alleged, the request should be granted.

2. STATUTES — JUDICIAL CONSTRUCTION — CLEAR AND UNAMBIGUOUS LANGUAGE.

There is no room for judicial construction of a statute where the language of the statute is clear and unambiguous.

3. CRIMINAL LAW — FELONY-FIREARM — STATUTES.

The felony-firearm statute applies to a person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony not exempted by the statute; the statutory language imposes no requirement for a nexus between the felony and the firearm (MCL 750.227b; MSA 28.424[2]).

4. CRIMINAL LAW — FELONY-FIREARM.

The felony-firearm statute regulates the possession of firearms and is not unconstitutional (MCL 750.227b; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Earl H. Morgan, Jr.,* Prosecuting Attorney, and *Gary W. Rapp,* Assistant Prosecuting Attorney, for the people.

*Peter J. Van Hoek,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and N. J. KAUFMAN and R. A. BENSON,* JJ.

PER CURIAM. Defendant pled guilty to one count of delivery of marijuana, MCL 333.7401(1)(2)(c); MSA 14.15(7401)(1)(2)(c), one count of possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2), and two counts of delivery of a controlled substance, LSD, MCL 333.7401(1)(2)(b); MSA 14.15(7401)(1)(2)(b). Those pleas stemmed from a plea bargaining agreement between the defendant and the prosecutor which provided that, in exchange for those guilty pleas, the prosecutor would not prosecute the defendant for seven other felony charges and would allow the defendant's son, who was charged with two felonies, to plead guilty to a one-year misdemeanor. Defendant now appeals his convictions and sentences as of right.

Defendant first argues that, because part of the agreement made in exchange for his guilty pleas included a reduced charge for his son, the agreement was coercive and "potentially renders [his] subsequent pleas involuntary". A promise of leniency for a relative is not coercive so as to render a guilty plea involuntary as a matter of law; it is only evidence that the plea may be involuntary as a matter of fact. *People v James,* 393 Mich 807, 808; 225 NW2d 520 (1975). Where a defendant definitively asserts that the promise of leniency made his guilty plea involuntary and requests a remand for an evidentiary hearing to establish the grounds alleged, the request should be granted.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*People v Walker,* 75 Mich App 552, 553-554; 255 NW2d 658 (1977). In this case, the defendant argues only that the promise of leniency to his son *may* have rendered his plea involuntary, a speculation we decline to engage in. No motion to remand for an evidentiary hearing on the issue was filed during the pendency of this appeal. In light of these factors and the fact that the defendant gained substantial benefit from the plea agreement regarding his own criminal liability, we find the defendant's plea to have been voluntarily made.

Defendant argues next that his right to assistance of counsel was violated because the same attorney represented both him and his son thus presenting a conflict of interest. We find no merit to this argument. Cases cited by the defendant which deal with dual representation and the effective assistance of counsel concern *codefendants,* represented by the same attorney, who have potentially conflicting defenses. This is not the case here.

Defendant next argues that his conviction for felony-firearm was erroneous because there was no showing that the defendant intended to carry or possess a firearm during the commission of a felony. There is no explicit scienter requirement in the felony-firearm statute and when the language of a statute is clear and unambiguous, there is no room for judicial construction. *Ypsilanti Police Officers Ass'n v Eastern Michigan University,* 62 Mich App 87, 92; 233 NW2d 497 (1975). Furthermore, this Court has held that the statute does not require a nexus between the felony and the firearm. *People v Elowe,* 85 Mich App 744; 272 NW2d 596 (1978). Therefore, the defendant's intent regarding his possession of a firearm during the

commission of a felony is irrelevant. The felony-firearm conviction is affirmed. Defendant's claim that this conviction impinges on his constitutional right to bear arms does not change our conclusion. Defendant concedes that the right to bear arms is subject to the valid exercise of the state's police power to regulate the carrying of firearms. The felony-firearm statute regulates the possession of firearms and the statute's constitutionality was upheld in *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979).

Finally, the defendant argues that he is entitled to credit for 90 days served in jail prior to his sentence on the first felony charge, despite the fact that the incarceration was due to his inability to post bond on a subsequent felony charge. We note that there is a split of authority in this Court on the issue of how much credit is to be given, under MCL 769.11b; MSA 28.1083(2), for time served in a situation such as this. See *People v Coyle,* 104 Mich App 636, 649-650; 305 NW2d 275 (1981), for a discussion of the three points of view on this issue. We hold that the defendant should be credited with the time he was confined during this period, *i.e.,* 90 days, despite the fact that such confinement stemmed from a different charge.

Defendant's convictions are affirmed; defendant's sentence on his first felony conviction is modified to include credit for 90 days in jail.