PEOPLE v NIX

Docket No. 90012. Submitted December 10, 1986, at Lansing. Decided October 15, 1987.

Ondria Lynn Nix was convicted of two counts of aiding and abetting the possession of a firearm during the commission of a felony and acquitted of charges of assault with intent to commit murder and armed robbery, Oakland Circuit Court, Fred M. Mester, J. Defendant appealed, alleging that the trial judge erred by not instructing the jury that she could not be convicted as an aider and abettor of felony-firearm unless the jury found that she was guilty of the underlying offenses of armed robbery or assault with intent to murder, either directly or as an accessory.

The Court of Appeals *held:*

It is not necessary, to sustain a conviction of aiding and abetting the possession of a firearm during the commission of a felony, to prove that the defendant had the intent or otherwise participated in the commission of the underlying felony. It is sufficient to show that the defendant intentionally assisted or aided the principal's possession of a firearm under circumstances that constituted a felony-firearm offense with respect to the principal. The court's instructions were adequate.

Affirmed.

1. TRIAL — JURY INSTRUCTIONS — APPEAL.

Reversal is not required because of the omission of a requested jury instruction where the charge as a whole covered the substance of the omitted instruction, fairly presented the issues to be tried, and sufficiently protected the rights of the defendant.

REFERENCES

Am Jur 2d, Criminal Law §§ 163 *et seq.*; 649.

Acquittal of principal, or his conviction of lesser degree of offense, as affecting prosecution of accessory, or aider and abettor. 9 ALR4th 972.

Propriety of specific jury instructions as to credibility of accomplices. 4 ALR3d 351.

2. CRIMINAL LAW — FELONY-FIREARM — AIDING AND ABETTING —
   INTENT.
   It is not necessary, to sustain a conviction of aiding and abetting
   the possession of a firearm during the commission of a felony,
   to prove that the defendant had the intent or otherwise partici-
   pated in the commission of the underlying felony; it is sufficient
   to show that the defendant intentionally assisted or aided the
   principal's possession of a firearm under circumstances that
   constituted a felony-firearm offense with respect to the princi-
   pal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Paul J. Fischer,* Assistant Prosecuting Attorney, for the people.

*Faintuck, Shwedel & Wolfram* (by *William G. Wolfram*), for defendant.

Before: MACKENZIE, P.J., and ALLEN and M. J. SHAMO,* JJ.

PER CURIAM. Defendant was charged with assault with intent to commit murder, MCL 750.83; MSA 28.278, armed robbery, MCL 750.529; MSA 28.797, and two counts of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). After a jury trial, defendant was convicted on both felony-firearm counts and acquitted on the other two counts. Defendant was sentenced to two concurrent two-year prison terms.

At trial, Latonya Thomas testified that she, accompanied by her nine-year-old son, Demetrius, stopped to visit at the home of her sister. After she knocked, the door was opened by William Sanders, who was holding a pistol in one hand. Sanders

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

informed her that her sister was not home and then ordered her into the house. Demetrius fled, and Sanders unsuccessfully shot the gun at him. In response to Sanders' order, Thomas entered the home, and Sanders closed the door, keeping his gun pointed in her direction. Defendant then emerged from the bedroom. Sanders began to strike Thomas, following her to various rooms of the house and, at the same time, engaging in a conversation with defendant.

In the meantime, Demetrius summoned Thomas' fiance, Dwight Scott. Thomas testified that Sanders unsuccessfully shot the gun at Scott. Thomas also testified that Sanders went outside to talk to Scott, leaving defendant to guard Thomas with the gun. When Sanders returned to the house and retrieved the gun from defendant, defendant said, "Give me the gun, baby. I'll kill the bitch."

Thomas testified that she eventually left the house at gunpoint with defendant and Sanders. Sanders drove Thomas' automobile while Thomas sat on the passenger side of the front seat and defendant sat in the back. At one point during the drive, Sanders gave the gun to defendant, who pointed it at Thomas.

Thomas testified that Sanders pulled the automobile to the side of a road and told her to get out. As she began to disembark, Sanders shot her. Thomas' shooting was confirmed by the testimony of bystanders who witnessed the event.

Defendant's trial defense was that she acted out of duress. Defendant denied holding a gun on Thomas or telling Sanders that she would kill Thomas.

The trial judge instructed the jury on the elements of the offenses of assault with intent to murder and armed robbery and also gave aiding and abetting instructions in connection with both

offenses in accordance with CJI 8:1:02, :03, :05, and :06. The trial judge gave a felony-firearm instruction in accordance with CJI 11:9:02, which instructed the jury that defendant could be convicted as an aider and abettor of the crime of felony-firearm.

On appeal, defendant's sole contention is that the trial judge erred by not instructing the jury that she could not be convicted as an aider and abettor of felony-firearm unless the jury found that she was guilty of the underlying offenses of armed robbery or assault with intent to murder, either directly or as an accessory. We conclude that the instructions given were free of error. Accordingly, defendant's conviction is affirmed.

When it is claimed that the trial judge committed instructional error, reversal is not required if the instructions, viewed in their entirety, fairly presented to the jury the issues to be tried and sufficiently protected the defendant's rights. An omission is not error if the charge as a whole covers the substance of the omitted instruction. *People v Bender,* 124 Mich App 571, 574-575; 335 NW2d 85 (1983).

In *People v Johnson,* 411 Mich 50, 54; 303 NW2d 442 (1981), the Court stated:

> To convict one of aiding and abetting the commission of a separately charged crime of carrying or having a firearm in one's possession during the commission of a felony, it must be established that the defendant procured, counselled, aided, or abetted and so assisted in obtaining the proscribed possession, or in retaining such possession otherwise obtained.

Significant is the lack of any requirement that the

defendant actually commit or intend to commit the underlying felony upon which the felony-firearm conviction is premised.

Generally, the felony-firearm offense, when committed by the principal, requires proof of the commission of an underlying felony. See *People v Lewis,* 415 Mich 443; 330 NW2d 16 (1982). However, felony-firearm does not include a scienter requirement, i.e., there is no need to show that the defendant intended to commit an underlying felony. *People v Perry,* 119 Mich App 98; 326 NW2d 437 (1982), lv den 418 Mich 856 (1983). Of course, in the ordinary case, the criminal intent of the principal must usually be shown as an element of the underlying felony.

We conclude that conviction of felony-firearm as an aider and abettor likewise requires no showing of the defendant's intent to commit the underlying felony. Our conclusion is compelled by the Supreme Court's holding in *Johnson, supra,* as well as our application of the general principles of aider and abettor liability. See *People v Acosta,* 153 Mich App 504, 512-513; 396 NW2d 463 (1986), lv den 428 Mich 865 (1987). Since the felony-firearm offense does not contain a scienter requirement, it is not necessary for the prosecutor to show that the defendant, acting as an aider and abettor, did intend or otherwise participate in the commission of the underlying felony. It is sufficient that the defendant intentionally assisted or aided the principal's possession of a firearm under circumstances that constituted a felony-firearm offense with respect to the principal.

Because the jury instructions reflected the foregoing principles, no instructional error was committed by the trial judge.

Affirmed.