PEOPLE v SMELTER

Docket No. 100234. Submitted November 8, 1988, at Detroit. Decided
    February 22, 1989. Leave to appeal applied for.

Timothy Smelter was convicted of possession a "stun gun" follow-
    ing a jury trial in Wayne Circuit Court, John H. Gillis, Jr., J.
    Defendant appealed.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in qualifying
the medical examiner to testify as a medical doctor and as an
expert on the effects of electricity on the body.

2. The jury instructions in their entirety fairly presented the
issues to be tried and sufficiently protected defendant's rights.
Instructions requested by defendant but not given by the trial
court were either improper or were given in substance by the
trial court.

3. The statute which prohibits the possession of stun guns
represents a reasonable exercise of the state's power to regulate
weapons and does not infringe upon the constitutional right to
bear arms.

4. The prosecutor's attempts at trial to demonstrate the
effects of the stun gun in this case did not amount to prosecuto-
rial misconduct requiring reversal since the alleged misconduct
did not deny defendant a fair and impartial trial.

Affirmed.

1. TRIAL — JURY INSTRUCTIONS — APPEAL.

Reversal is not required because of the omission of a requested
    jury instruction where the charge as a whole covered the
    substance of the omitted instruction, fairly presented the issues
    to be tried, and sufficiently protected the rights of the defen-
    dant.

2. WEAPONS — STUN GUNS — CONSTITUTIONAL LAW.

The statute which prohibits the possession of stun guns repre-

REFERENCES

Am Jur 2d, Appeal and Error § 896; Trial §§ 604 *et seq.*; Weapons
    and Firearms §§ 4, 5.

Federal constitutional right to bear arms. 37 ALR Fed 696.

sents a reasonable exercise of the state's power to regulate weapons and does not infringe upon the constitutional right to bear arms (Const 1963, art 1, § 6; MCL 750.224a; MSA 28.421[1]).

3. CRIMINAL LAW — PROSECUTORIAL MISCONDUCT — APPEAL.
   The test of whether prosecutorial misconduct requires reversal is whether the defendant was denied a fair and impartial trial.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Jeffrey E. Theodore,* Assistant Prosecuting Attorney, for the people.

*Allen J. Counard, P.C.* (by *Allen J. Counard*), for defendant.

Before: CYNAR, P.J., and HOOD and MURPHY, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of possessing a "stun gun," MCL 750.224a; MSA 28.421(1). Thereafter, defendant was sentenced to probation for one year.

Defendant was stopped in his vehicle by a police officer who was aware that defendant's driving privileges were suspended. The officer placed defendant under arrest for driving on a suspended license. The officer then conducted an inventory search of defendant's vehicle and found the stun gun on the front seat.

Defendant raises several issues on appeal, none of which require reversal. First, we find no abuse of discretion by the trial court in qualifying the medical examiner to testify as a medical doctor and as an expert on the effects of electricity on the body. *People v Whitfield,* 425 Mich 116, 122; 388 NW2d 206 (1986). The medical examiner testified that he had examined many hundreds of persons

who had been electrocuted and that he was familiar with this type of object in his work as chief medical examiner. Moreover, he had either tested or seen the effects of such devices and had examined victims who had been shocked with a stun gun.

Second, the trial court did not err in failing to give defendant's requested jury instructions. Defendant's requested instruction on the constitutional right to bear arms was properly omitted because the instruction was incorrect. Simply, the state has the power to regulate the right to carry arms. *People v Brown,* 253 Mich 537, 540; 235 NW 245 (1931). The other two instructions requested by defendant were given in substance by the court. The instructions in their entirety fairly presented the issues to be tried and sufficiently protected defendant's rights. *People v Nix,* 165 Mich App 501, 504; 419 NW2d 7 (1987).

Third, defendant claims that the statute prohibiting the possession of stun guns impermissibly infringes on defendant's right to keep and bear arms for his own defense. We disagree. Const 1963, art 1, § 6 provides:

> Every person has a right to keep and bear arms for the defense of himself and the state.

The right to regulate weapons extends not only to the establishment of conditions under which weapons may be possessed, but allows the state to prohibit weapons whose customary employment by individuals is to violate the law. *Brown, supra,* p 541. The device seized from defendant was capable of generating 50,000 volts. Testimony in the lower court established that such weapons can not only temporarily incapacitate someone but can result in temporary paralysis. Our Supreme Court in

*Brown, supra,* p 541, explained that the power to regulate is subject to the limitation that its exercise be reasonable. We conclude that the Legislature's prohibition of stun guns is reasonable and constitutional.

Finally, defendant claims that the prosecutor's attempts to demonstrate the effects of the stun gun on defendant at trial were improper and were so prejudicial as to deny defendant a fair trial.

The test of whether prosecutorial misconduct requires reversal is whether the defendant was denied a fair and impartial trial. *People v Williams,* 162 Mich App 542, 548; 414 NW2d 139 (1987), lv den 430 Mich 867 (1988). Our review of the lower court record leads us to the conclusion that defendant was not denied a fair and impartial trial.

Affirmed.