### PEOPLE v LAFAY

Docket No. 115513. Submitted February 6, 1990, at Grand Rapids. Decided March 5, 1990.

Stephen P., Paul B., Gerald W. and Phillip Lafay were charged with receiving and concealing stolen auto parts with a value over $100. All four brothers were represented by the same attorney. All four brothers offered guilty pleas in Kent Circuit Court, Roman J. Snow, J., Gerald and Phillip to attempted larceny in a building and Stephen and Paul to the charged offense. Prior to sentencing, but after defendants had seen the presentence reports, defendants moved to withdraw their pleas. The trial court denied the motion, finding that defendants' motivation for the motions to withdraw was sentencing concerns. Defendants appealed.

The Court of Appeals *held:*

1. The trial court properly held that the reason for the motions to withdraw was frivolous, since sentencing concerns are an insufficient reason to support a motion to withdraw a guilty plea.

2. The failure of the trial court to follow the procedure in the court rule relative to insuring adequate assistance of counsel where there is representation of multiple defendants does not mandate reversal. The record fails to support the claim that defendants were denied effective assistance of counsel by reason of being represented by the same attorney.

3. There was an adequate showing that the stolen items were worth more than $100.

4. Since the pleas of Gerald and Phillip Lafay established an adequate factual basis for the charged offense, any failure to establish a factual basis for the lesser offense to which they offered their pleas is of no consequence.

Affirmed.

REFERENCES

Am Jur 2d, Criminal Law §§ 501, 502, 969, 980.

Circumstances giving rise to conflict of interest between or among criminal codefendants precluding representation by same counsel. 34 ALR3d 470.

1. CRIMINAL LAW — GUILTY PLEAS — FRIVOLOUS MOTIONS.

  A motion to withdraw a guilty plea is deemed to be frivolous and
    insufficient to permit withdrawal of the plea where the motion
    is based upon a concern about the potential sentence.

2. CRIMINAL LAW — ASSISTANCE OF COUNSEL — MULTIPLE REPRESEN-
    TATION.

  The failure of a trial court to follow the guidelines of the court
    rule relative to the representation by an attorney of more than
    one criminal defendant does not, in itself, constitute error
    requiring reversal.

3. CRIMINAL LAW — GUILTY PLEAS — FACTUAL BASIS FOR PLEA.

  The factual basis necessary to support a guilty plea is satisfied if
    the court elicits from the defendant support for a finding that
    the defendant is guilty of either the charged offense or the
    lesser offense to which the plea is offered (MCR 6.302[D][1],
    formerly MCR 6.101[F][3][a]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, *Timothy K. McMorrow,* Chief Appellate Attorney, and *Helen V. Brinkman,* Assistant Prosecuting Attorney, for the people.

*Jack F. Vogl,* for defendants.

Before: CAVANAGH, P.J., and McDONALD and MARILYN KELLY, JJ.

MARILYN KELLY, J. This case involves the alleged theft of auto parts by four brothers. Gerald and Phillip Lafay pled guilty to attempted larceny in a building. MCL 750.360; MSA 28.592, MCL 750.92; MSA 28.287. Stephen and Paul Lafay pled guilty to receiving or concealing stolen property over $100. MCL 750.535; MSA 28.803. The court sentenced Phillip, Stephen and Paul to three years probation with the first year in the Kent County Jail. Gerald was given three years probation with

eighty hours of community service. All four appeal as of right. We affirm.

Defendants contend that the trial judge abused his discretion in denying their motions to withdraw their pleas. They assert that the judge failed to advise them of possible conflicts of interest arising from their joint representation by one lawyer. This violation of the court rule, they argue, mandates reversal. MCR 6.005(F), formerly MCR 6.101(C)(4). They also claim there was an inadequate factual basis for their pleas. Phillip and Gerald maintain that there was no evidence of a building. Stephen and Paul claim there is no proof that the stolen items were worth over $100.

The judge denied the motions to withdraw guilty pleas, concluding they were frivolous. Defendants brought the motions only after they were shown the presentence reports, two days before the scheduled sentencing. The court believed defendants' concern was not the propriety of the plea-taking proceeding, but rather the likelihood of stiffer sentences than originally anticipated. Concern about the potential penalty is an insufficient basis to permit withdrawal of a guilty plea. *People v Paulus,* 121 Mich App 445; 328 NW2d 659 (1982).

Regarding the conflict issue, representation of multiple codefendants by one attorney can lead to a conflict of interest serious enough to deprive any of them of effective assistance of counsel. *Holloway v Arkansas,* 435 US 475; 98 S Ct 1173; 55 L Ed 2d 426 (1978). Such a conflict is never presumed or implied. A defendant has the burden of establishing a prima facie case of ineffective assistance of counsel. He must show that an actual conflict of interest existed and adversely affected the adequacy of his representation. *Cuyler v Sullivan,* 446 US 335, 348-350; 100 S Ct 1708; 64 L Ed 2d 333 (1980).

A procedure the court must follow when faced with joint representation has been devised for the purpose of preventing ineffective assistance of counsel. It is set forth at MCR 6.005(F), formerly MCR 6.101(C)(4). The failure to follow this court rule, in itself, does not constitute reversible error. *People v Gamble,* 124 Mich App 606, 611; 335 NW2d 101 (1983); *People v Harding,* 163 Mich App 298, 319; 413 NW2d 777 (1987), vacated on other grounds 430 Mich 859 (1988).

Defendants have not alleged any facts showing a conflict of interest existed which could have caused them to receive ineffective assistance of counsel. In fact all four have continued to be represented on appeal by the same attorney they retained at the trial level. Their attorney made a point of stating at the plea proceedings:

> My clients from the initial day, the initial interview of this matter, were advised of a potential conflict of interest, and they all agreed and all during the proceedings agreed to waive that. I just thought I should put that on the record so the Court is aware.

We find no error involving a conflict of interest in this case.

Next, we address defendants' claims regarding the factual basis of their pleas. We review the trial court's decision to deny a motion to withdraw a guilty plea for an abuse of discretion. *People v Bencheck,* 360 Mich 430, 432; 104 NW2d 191 (1960); *People v Lewis,* 176 Mich App 690, 693; 440 NW2d 12 (1988).

Stephen and Paul claim that there was no proof that the stolen items were worth over $100. However, both contradicted that statement at the plea proceedings where they admitted the items were

valued at more than $100. The court did not abuse its discretion in finding the value of the stolen auto parts to exceed $100.

Phillip and Gerald were originally charged with receiving or concealing stolen property and pled guilty to attempted larceny from a building. They maintain that there was no evidence of a building to support their convictions. They are correct. It does not follow, however, that the judge erred in accepting their plea to attempted larceny in a building.

The judge, through questioning a defendant, must establish factual support for the offense charged or for the offense to which the defendant is pleading. MCR 6.302(D)(1), formerly MCR 6.101(F)(3)(a). The judge may take evidence on each element of the crime charged, even if the elements of the lesser offense are not made out by a defendant's recitation of facts. This is true even if the crime pled to is not a lesser included offense of the crime charged. *People v Hutcherson,* 96 Mich App 365; 292 NW2d 466 (1980).

In this case, as the prosecutor noted at the plea proceedings, the facts supported Phillip and Gerald's guilt of the offense charged, receiving and concealing stolen property. Defendants do not allege that the judge failed to establish all elements of that crime.

Therefore, we find no error in the court's denial of defendants' motions.

Affirmed.