*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

RYAN WILLIAM COLE,

       Defendant-Appellant.

UNPUBLISHED
September 22, 2022

No. 358785
Lenawee Circuit Court
LC No. 14-017258-FC

Before: RONAYNE KRAUSE, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Our Supreme Court has promulgated a court rule that permits a guilty plea to be based on sufficient facts of either (1) the original offense charged, or (2) the offense to which the defendant is actually pleading. MCR 6.302(D)(1). Our Supreme Court has also held that, with respect to sentencing guidelines, "Offense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable." *People v McGraw*, 484 Mich 120, 133; 771 NW2d 655 (2009). On appeal, defendant argues that his sentence for a computer-based crime ran afoul of *McGraw* because he did not, in fact, use a computer when committing the underlying crime. As explained, the trial court did not err, and we affirm.

## I. BACKGROUND

Defendant was convicted following a jury trial of two counts of CSC-I for sexually abusing a young girl. During trial the prosecutor's expert witness impermissibly vouched for the victim's credibility, and so this Court reversed defendant's convictions and remanded the case back to the trial court. *People v Cole*, unpublished per curiam opinion of the Court of Appeals, issued December 29, 2020 (Docket No. 338837). On remand, defendant entered into the following plea agreement:

> [T]he Defendant has agreed to plead to Counts 3 and 4 of the Amended Information. What Count 3 is is [sic] a criminal sexual conduct in the third degree, multiple variables. Count 4 is computers used at a—using to commit a crime with a maximum imprisonment of 10 years or more, but less than 20. And in order to

-1-

satisfy the factual basis of that particular count, he would be meeting the elements of Count 1 or 2 of the original- Information.

In addition to pleading to those two counts, there is a *Killebrew* agreement in place that the Defendant shall be sentenced to the maximum of—amount of time under the guidelines in the matter for each offense, and that both offenses, the CSC will run consecutive to the computer crime, which is allowable under the law for that particular statute.

The computer-use crime to which defendant pleaded guilty is found at MCL 752.796(1), which prohibits a person from using a computer "to commit . . . a crime." The statute further provides that the person can be held criminally liable for the cognate computer offense even if the person is not convicted of "the underlying offense." MCL 752.796(3).

The factual basis for defendant's computer-use guilty plea did not, in fact, include any reference to defendant using a computer or other electronic device in the furtherance of that crime. Rather, the factual basis for defendant's guilty plea addressed facts supporting his charged-but-dismissed CSC-I count. Relevant here, as part of his plea, defendant admitted to repeatedly sexually penetrating the victim for the purpose of sexual gratification when she was younger than 13 years old. After the trial court accepted defendant's plea, defendant then admitted that the victim probably had to go to counseling, his actions psychologically injured her, and he engaged in "pre-event conduct" to make it easier for him to sexually abuse her. Additionally, even though defendant did not admit that he physically injured the victim, the presentence investigation report did note that the victim claimed that defendant would penetrate her "until it hurt, or she cried."

At sentencing, the trial court assessed 10 points each for offense variables (OV) 3, 4, and 10; and 50 points for OV 11. Defense counsel objected, arguing that these OV scores did not apply to defendant's computer-crime conviction and that defendant merely pleaded guilty to the offense to reach a deal with the prosecutor. The trial court disagreed, calculating defendant's OV score as 80 and his prior record variable (PRV) score as 20. In line with its sentencing guidelines calculations, the trial court sentenced defendant to 95 to 180 months of imprisonment for the CSC-III offense and 57 to 120 months of imprisonment for the computer-crime offense, with 2,488 days of credit for time served. The trial court ordered that the sentences were to run consecutively.

Defendant filed an application for leave to appeal, which this Court granted. *People v Cole*, unpublished order of the Court of Appeals, entered November 10, 2021 (Docket No. 358785). Defendant subsequently waived oral argument, though the prosecutor appeared and answered the panel's questions.

## II. ANALYSIS

On appeal, defendant does not challenge his convictions, his CSC-III sentence, or the consecutive nature of his sentences. Nor does he challenge the trial court's scoring of OV 3, 4, 10, and 11 within the context of the offense originally charged (CSC-I) or the facts to which he actually pleaded. Rather, defendant argues that he pleaded guilty to a computer-use offense, and none of the facts used to score OV 3, 4, 10, and 11 involved the use of a computer or related

-2-

electronic device. Given this, according to defendant, the scores of all four OVs for his computer-based offense should have been zero.

When reviewing a trial court's decision with respect to sentencing guidelines, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

Our Supreme Court has promulgated rules for courts of this state, one of which is MCR 6.302. Under MCR 6.302(D)(1), "If the defendant pleads guilty, the court, by questioning the defendant, must establish support for a finding that the defendant is guilty of *the offense charged* or *the offense to which the defendant is pleading*." (Emphasis added.) This rule has a long pedigree, having predated the promulgation of the current Michigan Court Rules. See, e.g., *People v Hutcherson*, 96 Mich App 365, 367-368; 292 NW2d 466 (1980) (applying the substantially same rule found in GCR 1963, 785.7(3)(a)); see also *People v Lafay*, 182 Mich App 528, 531-532; 452 NW2d 852 (1990) (affirming convictions for attempted larceny in a building even when it was undisputed that there was no building involved, but defendants had pleaded sufficient facts of the original charged offense, receiving or concealing stolen property). Thus, there does not appear to be anything particularly unusual about defendant's plea to a cognate lesser offense of using a computer to commit an underlying crime in violation of MCL 752.796, even though the factual basis for the plea was based on the crime of which he was originally charged, CSC-I. And, as noted, defendant does not challenge his conviction for violating MCL 752.796, only the sentence he received for that conviction.

At first blush, defendant's argument appears to have some rhetorical force. On closer inspection, however, this force dissolves. It is true that defendant pleaded guilty to a computer-use crime, and yet he never admitted to using a computer or electronic device, nor did the trial court reference any computer or electronic device in calculating the OVs at issue here. Under our Supreme Court's decision in *McGraw*, OVs "must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable." *McGraw*, 484 Mich at 133. "The sentencing offense is the crime of which the defendant has been convicted and for which he or she is being sentenced." *Id*. at 122 n 2. None of the OVs at issue here expressly provide for consideration of conduct outside of the sentencing offense, so the absence of any computer-based conduct by defendant would appear to be problematic under *McGraw*.

But defendant's sentence actually fits squarely within *McGraw*. To see this, consider how a person violates MCL 752.796(1): the person must (a) use a computer or similar device (b) to commit, attempt to commit, conspire to commit, or solicit another person to commit a crime. While a person need not be convicted of the underlying crime, MCL 752.796(3), the existence of an underlying crime is itself an element of the computer-use crime, MCL 752.796(1). "[A]bsent an express prohibition, courts may consider conduct inherent in a crime when scoring offense variables." *Hardy*, 494 Mich at 442. "[T]he Sentencing Guidelines allow a factor that is an element of the crime charged to also be considered when computing an offense variable score." *Id*. (cleaned up). Thus, relevant conduct of the "sentencing offense" for purposes of *McGraw* would include *not only* the use of a computer, *but also* the underlying crime itself, here CSC-I.

This is not a circumstance of "either/or" regarding the elements of MCL 752.796, but rather "both/and." In other words, when sentencing a person for violating MCL 752.796, a trial court can consider not just the conduct involving the computer, but also the conduct involving the underlying crime because it is an element of the MCL 752.796 violation.

With regard to the sentencing hearing, defendant explicitly stated that he was "not going to argue" the scores of OVs 3, 4, 10, and 11. Nevertheless, having established that the trial court did not err in considering the underlying CSC-I facts in scoring the OVs, the trial court's scores were appropriate.

The trial court scored OV 3 at 10 points, which is appropriate when "[b]odily injury requiring medical treatment occurred to a victim." MCL 777.33(1)(d). The presentence investigation report indicated that the victim had stated that defendant would sexually penetrate her "until it hurt, or she cried."

The trial court similarly scored OV 4 at 10 points because the victim suffered "[s]erious psychological injury" that "may require professional treatment." MCL 777.34(1)(a); MCL 777.34(2). During his guilty plea, defendant admitted that the victim probably had to go to counseling because his actions psychologically injured her.

The trial court scored OV 10 at 10 points because defendant "exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." MCL 777.40(1)(b). Defendant admitted that he engaged in "pre-event conduct" to make it easier for him to abuse the victim given her young age.

Lastly, the trial court scored OV 11 at 50 points because "[t]wo or more criminal sexual penetrations occurred." MCL 777.41(1)(a). Defendant admitted that he repeatedly sexually penetrated the victim on different occasions.

In calculating defendant's scores under OV 3, 4, 10, and 11, the trial court considered evidence of CSC-I as the underlying crime for purposes of MCL 752.796. Had there been additional evidence of the use of a computer, then the trial court could have considered that evidence as well. But the lack of such computer-use evidence did not somehow preclude the trial court from considering conduct of the underlying offense.

Finally, we share several of the concerns raised by the dissent with respect to the use of MCR 6.302(D)(1) in this manner. While there is case law supporting the parties' and trial court's use of the court rule here to fashion the plea agreement, see *supra,* there is certainly something odd about its use in this context. With that said, the dissent's concerns focus on the conviction-by-plea itself, as well as the consecutive nature of the sentences, both of which were expressly agreed upon by defendant and, importantly, neither of which were raised on appeal. If either the conviction or consecutive nature of the sentence was truly a "miscarriage of justice," one would have expected defendant to have at least tried to raise the issue on appeal. Simply put, this is not the case to reach the merits of the concerns raised by the dissent.

-4-

Affirmed.

/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle